LORENZO D. CARPENTER, Appellant, *v*. THE CITY OF COHOES Respondent.

One of the approaches to a bridge across the Erie canal, within the corporate bounds of the defendant and upon lands belonging to the State, was without a guard or railing on one side. Plaintiff's horse slipped upon the approach and sliding to the side thus unguarded, fell down the bank and was killed. The bridge was a change bridge, used for the passage of horses, towing boats upon the canal, from one side of the canal to the other; it, with its approaches, was also used by the public, as part of a public highway. In an action to recover damages for alleged negligence, in omitting to guard the approach with a railing, *held*, that the action was not maintainable; that although the State per mitted the use of the bridge and its approaches as a highway, this did not impose upon defendant the duty of guarding the approaches; that as the *locus in quo* not only belonged to the State but was one of its structures, a part of the bridge, the city had no right to interfere therewith by the erection of permanent structures thereon, such as a railing. *Sewell* v. *City of Cohoes* (75 N. Y. 45), distinguished.

Also, *held*, that the city was not guilty of a neglect of duty in not barricading the road so as to prevent travelers from passing over the bridge.

For the purpose of proving title in the State, the State map, showing the lines of the State lands, was introduced. *Held*, that this was sufficient *prima facie* to show title in the State (§ 5, chap. 451, Laws of 1837).

(Argued March 15, 1880 ; decided April 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment for the defendant entered upon the report of a referee.

This action was brought to recover damages for alleged negligence on the part of defendant, in permitting an approach to a bridge within the corporate bounds of the city and a part of a public highway, to be and remain without any railing or barrier upon the sides, in consequence of which the horse and

wagon of the plaintiff fell down the bank and the horse was killed and the wagon injured. The facts are set forth sufficiently in the opinion.

*N. C. Moak* for appellant. It was defendant's duty to protect persons driving over the bridge from falling over the side that had no railing by erecting suitable barriers. (*Gillispie* v. *Newburg*, 54 N. Y. 468; *Hyatt* v. *Trustees*, 44 Barb. 385; affirmed, 41 id. 619; *Radway* v. *Briggs*, 37 id. 256; *Palmer* v. *Andower*, 2 Cush. 600; *Woodman* v. *Nottingham*, 49 N. H. 387; *Man Derschild* v. *Dubuque*, 29 Iowa, 73; 4 Am. Rep. 196; *Houfe* v. *Town of Fulton*, 29 Wis. 296; 9 Am. Rep. 568; *Hull* v. *City of Kansas*, 54 Mo. 598; 14 Am. Rep. 487; *Norris* v. *Litchfield*, 35 N. H. 271; *Baldwin* v. *Turnpike Co.*, 40 Conn. 238; 13 Am. Law Reg. [N. S.] 423; *Hunt* v. *Town of Pownal*, 9 Vt. 411; *Williams* v. *Clinton*, 28 Conn. 264; *Sewell* v. *Cohoes*, 75 N. Y. 45, 48–49.) Where a city uses, as part of one of its highways, a strip of land owned by the State, and allows the public to use it as such for a sufficient length of time to indicate it to the public to be such, it is liable to one injured while passing over it in consequence of its defective condition. (*Sewell* v. *Cohoes*, 75 N. Y. 45; 11 Hun, 626; *Houfe* v. *Town of Fulton*, 34 Wis. 608; 17 Am. Rep. 463; *Cogswell* v. *Inhabitants of Lexington*, 4 Cush. 307; *Mayor* v. *Sheffield*, 4 Wall. 189; *Munson* v. *Town of Derby*, 37 Conn. 298; 9 Am. Rep. 322; *Hayden* v. *Inhabitants of Attleborough*, 7 Gray, 338; *Wheeler* v. *Town of Westport*, 30 Wis. 392; *Joyner* v. *Barrington*, 118 Mass. 463; *Bagley* v. *Ludlow*, 41 Vt. 425, 432–433; *Leavenworth* v. *Laing*, 6 Kans. 274; *Codner* v. *Bradford*, 3 Chand. 291; *Whitford* v. *Southbridge*, 119 Mass. 564; *Johnson* v. *City of Milwaukee*, 46 Wis. 568; *Radway* v. *Briggs*, 32 N. Y. 256; *Manderschild* v. *City of Dubuque*, 29 Iowa, 73; *S. C.*, 4 Am. Rep. 196.) It does not vary defendant's liability that the State, as owner of the fee, is permitted to use this highway for changing horses only by taking horses across this highway and bridge to the other side. (*Welcome* v. *Leeds*, 51 Me. 313; *State* v. *Gorham*, 37

Opinion of the Court, per RAPALLO, J.

id. 451; *Bacon* v. *Boston,* 3 Cush. 174, 179; *State* v. *Dower,* 46 N. H. 452; *Millard* v. *Newbury,* 22 Vt. 458; *Barber* v. *Essex,* 27 id. 62; *Wilson* v. *Watertown,* 3 Hun, 508, 512; *Bacon* v. *Boston,* 3 Cush. 174; *Munson* v. *Town of Derby,* 9 Am. Rep. 332; 37 Conn. 298.)

*Samuel Hand* for respondent. The accident having occurred on the lands of the State and through the failure of its officers to guard the bridge, no cause of action exists against defendant. (*Hayes* v. *N. Y. C. & H. R. R. R. Co.,* 9 Hun, 63; *North Staff. Ry.* v. *Dale,* 8 Ell. & Bl. 836; *Heacock* v. *Sherman,* 14 Wend. 58, 60; *Dygert* v. *Schenck,* 23 id. 446; *Rex* v. *Kent,* 13 East, 220.) To place railings or structures of any sort upon the State property within the blue line would have been a trespass, even though it appeared on the maps as a part of the street. (*In re Rhinelander,* 68 N. Y. 105.)

RAPALLO, J. The findings of the referee show that the place where the plaintiff's horse and wagon were injured was the public property of the State of New York, and a part of its public works, known as the Erie canal, being one of the approaches to the bridge which spanned the canal. It appears from the evidence that this bridge was a change bridge, used for the passage of the draft horses from one side of the canal to the other. The approach in question crossed the tow-path on the easterly side of the canal, and enabled the horses to ascend from the tow-path to the bridge. On the southerly side of this approach there was a steep descent to the tow-path and adjoining lands. The bridge and its approaches were also used by the public as a highway across the canal, in continuation and as part of a road known as the Boght road. At the time of the accident the servant of the plaintiff was driving his horse and wagon on this road westerly toward the bridge; intending to pass over it, and when near the easterly end of the bridge, and on the State land, the roadway being slippery with ice and out of repair, the horse lost his footing, swerved, and with the wagon fell down the descent or declivity on the southerly side

of the road or approach in question, which was not guarded by any railing or wall. The referee found that the cause of the injury was the neglect of the State and its officers to guard the precipitous side of the road with a sufficient wall or other adequate protection, and held that the city was not liable for the injury.

The referee also found that the said Boght road at the place of the accident was a public highway within the boundaries of the city of Cohoes.

Although the State permitted the public to use the bridge and its approaches as a highway, and they were so used, we do not think that, under the circumstances of the case, the duty of guarding the side of the road on the State land with a railing or wall, devolved upon the city. The State not only owned the *locus in quo*, but it was one of its own structures, erected by it, and used as a part of its public work, with which the city had no right to interfere by the erection of permanent structures thereon, such as a railing or wall. The approach in question was constructively part of the bridge (9 Hun, 63, and cases cited, 8 Ell. & Bl. 836), and the city might as well be required to put a railing on the bridge, if one were needed, as upon this approach. Such action by the city might have obstructed or impaired the use which the State was making of its own premises, as a passage for horses from the tow-path to the bridge, but at all events it would have been an unauthorized interference with the State property, to place such structures thereon. Whether the city might have kept the road-bed in repair, or was required to do so, it is not necessary to determine, as it is not found that the injury was caused by any defect in the road-bed, but is found to have been owing to the absence of a railing or wall, and the complaint was dismissed on the ground that the omission to erect such a guard was the fault of the State and not of the city.

We do not think that the facts found show that the city was guilty of a neglect of duty in not barricading the road, so as to prevent travelers from passing over the bridge. It does not appear that the referee was requested so to hold, or that, on the

trial or in the complaint, a right of recovery was claimed on any such ground. The only negligence charged in the complaint is in not guarding the side of the road with rails or fenders, and allowing it to be out of repair and unsafe for travel.

The point that the title of the State was not sufficiently shown is not well taken. Objections were taken to some of the evidence offered for this purpose, but finally the State map, showing the lines of the State lands, was admitted as evidence, the plaintiff not objecting, but reserving the right, if found to be incorrect, to show the fact. This map was under the provisions of the act of 1837, chapter 451, section 6, *prima facie* evidence of the title of the State.

There is nothing in the case of *Sewell* v. *The City of Cohoes* (75 N. Y. 45), which conflicts with our view of this case. That case holds that where a municipal corporation has appropriated a piece of land within its limits as a public street, and taken charge of it, graded, regulated and paved it, it cannot, in an action for damages for not keeping it in safe condition, set up as a defense, that it has not obtained title to the land, or legally laid it out as a street, even though the title to the land be in the State. No such facts exist in the present case. The bridge and its approaches were not constructed by the city, nor had it appropriated or taken charge of them, but they were constructed by the State, and continued under its control, though permitted by it to remain open for the use of the public as a highway, as well as of those operating the canal.

The judgment should be affirmed.

All concur.

Judgment affirmed.