JOSEPH W. HAWXHURST, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENTS.

*Negligence — a municipality ordering an improvement which must obstruct a highway is liable, without notice, for the failure of the contractor to provide suitable safeguards —1880, chap. 163 — each of the municipalities named therein is liable for the negligence of the contractor in erecting any part of the bridge — when the portion of a highway leading to a bridge is to be treated as a part thereof.*

Upon the trial of this action, brought to recover damages for personal injuries sustained by the plaintiff in falling into the Bronx river, on the Westchester side thereof, at Williams' bridge, on the evening of December 24, 1881, it appeared that chapter 163 of 1880 imposed the duty of building and maintaining this bridge, and keeping the same in repair, upon the city and county of New York and the county of Westchester. The injuries were sustained while the bridge was being rebuilt by a contractor employed by both municipalities. The principal question in issue upon the trial was as to whether or not a sufficient barrier existed at the time of the accident to guard against the danger which was caused by the work of reconstruction.

*Held,* that as the very nature of the improvement which the city and county undertook to make involved danger to persons lawfully on the highway, who might approach the bridge at night and attempt to cross it, they were bound

to see that proper safeguards were provided while the work was going on, so as to afford reasonable protection to the public, and that the court erred in charging that the city had a right to presume, in the absence of notice, that the contractor had properly guarded the approach to the bridge, and was not liable, without either express or constructive notice, for the negligence of the contractor. and that, in the absence of actual or express notice, it must appear that the neglect on the part of the contractor had continued for so long a period that the authorities could be charged, under the circumstances, with notice of the condition of affairs.

*Storrs* v. *City of Utica* (17 N. Y., 104); *Dressell* v. *City of Kingston* (32 Hun, 533); *Brusso* v *City of Buffalo* (90 N. Y , 679) followed; *Reed* v. *The Mayor* (31 Hun. 313) distinguished.

The city claimed that its obligation to erect barriers, when they were necessary. was limited to the New York end of the bridge, and that Westchester county alone could lawfully put them at the other end, and that, as the accident happened within the territorial limits of the county of Westchester, on a public highway where the city had no authority to place barriers, it was not liable for the failure of the contractor to erect them.

*Held*, that this claim was not tenable for the following reasons:

(1 ) That the duty of building, maintaining and repairing the bridge imposed by the statute related, so far as the public were concerned, to the whole of the structure, and carried with it the authority to do whatever was necessary to the proper discharge of that duty.

(2 ) That such barrier as was erected in this case was put up by a contractor employed by the city and county acting together.

(3.) That the roadway which constituted the approach to the bridge was constructively a part of the bridge itself, so far as concerned the obligation to provide suitable barriers.

*Theall* v. *Yonkers* (21 Hun, 265) distinguished.

APPEAL from a judgment entered upon a verdict in favor of the defendant rendered at the circuit.

*W S. Allerton*, for the appellant.

*D. J. Dean*, for the respondents.

BARTLETT, J :

The plaintiff brought this action to recover damages for personal injuries sustained by falling into the Bronx river, on the Westchester side of that stream, at Williams' bridge, on the evening of December 24, 1881. By chapter 163 of the Laws of 1880, the duty of building and maintaining Williams' bridge, and keeping it in repair, is imposed upon the city and county of New York and the county of Westchester. At the time of the accident, the bridge

was being rebuilt by a contractor under the employment of both municipalities. The plaintiff, who was ignorant of this fact, attempted to cross in the darkness, and sustained the injuries for which he seeks compensation in the present suit. The principal question litigated on the trial was, whether or not a sufficient barrier existed to guard against the danger which was occasioned by the work of reconstruction. That the Westchester approach to the bridge was barricaded to some extent is undisputed, but as to what extent the testimony is conflicting. The jury found a verdict for the defendant, and the only exceptions presented by this appeal relate to the charge of the court in respect to notice to the city of the negligence of the contractor in guarding the approach to the bridge.

At the request of counsel for the defendants, the trial judge charged the jury that the city had a right to presume, in the absence of notice, that the contractor had properly guarded the approach to the bridge, and was not liable, without either express or constructive notice, for the negligence of the contractor; and, also, that to hold the city liable in the absence of actual or express notice to the city authorities, it must appear that the neglect on the part of the contractor had continued for so long a period that the authorities could fairly be charged, under the circumstances, with notice of the condition of affairs. The plaintiff contends that the charge in this respect was erroneous, and that, under the circumstances disclosed in this case, no notice to the municipal corporation of the dangerous condition of the highway, by reason of the absence of sufficient guards, was necessary to establish the liability of the defendants. Unquestionably, it was the duty of the defendants, together with the county of Westchester, to maintain the bridge in a condition which should be safe for public traffic. The very nature of the improvement which they undertook to make involved danger to persons lawfully on the highway, who might approach the bridge at night and attempt to cross it. In causing this improvement to be made, therefore, the city of New York and the county of Westchester were bound to see that proper safeguards were provided while the work was going on, so as to afford reasonable protection to the public. It has repeatedly been held in this State that a municipal corporation is not relieved from its obligation in this

respect because it has a employed a contractor to do the work. (*Storrs* v. *City of Utica*, 17 N. Y., 104; *Dressell* v. *City of Kingston*, 32 Hun, 533; *Brusso* v. *City of Buffalo*, 90 N. Y., 679.) In the case last cited, which was an action on account of injuries sustained by falling into an excavation made at the instance of the public authorities in a city street, it was argued that, before the city could be made liable, it must be shown that it had notice of the dangerous condition of the street. The Court of Appeals held that the rule requiring notice did not apply to such a case, and it is urged here that the portion of the charge to which reference has been made is in direct conflict with this decision. We think it is. The defendants, however, endeavor to sustain the correctness of the charge in respect to notice by referring to a number of cases which hold that where sufficient barriers have been placed about an excavation in a public street, the municipal corporation is not responsible, in the absence of notice, for the unlawful removal of such barriers by third persons. But there is no suggestion in the record in the case at bar that any portion of the barrier at Williams' bridge had thus been removed. Reliance is also placed upon a decision of the General Term in this department, in *Reed* v. *The Mayor* (31 Hun, 311), to the effect that an ordinance requiring the removal of snow and ice from sidewalks entitled the city to expect that the duty would be performed by the owners or occupants of the adjacent property, and it is argued that the covenant of the contractor in this case, to place sufficient guards upon the roadway defines his duty towards the city, just as the duty of the property owner was defined by the ordinance in regard to ice; so that the defendants could properly rely upon the expectation that the contractor would erect all requisite barriers. As to this argument, it is sufficient to say that, although what purports to be a provision from the contract, providing for the erection of proper guards by the contractor, is set out in the respondents' brief, the contract itself nowhere appears in the record, and does not seem to have been offered in evidence. It is, therefore, unnecessary to pass upon the effect of such a covenant, even if the contract contained one.

The case was carefully and correctly tried, with the exception of the erroneous instructions which have been considered in respect to the necessity of notice of the absence of suitable barriers as a

condition precedent to a recovery against the city. We are not able to say that error on so important a point may not have misled the jury. For this reason a new trial must be directed, unless the defendants are right in their assertion, that they are relieved from all liability whatever because the accident happened within the territorial limits of the county of Westchester, on a public highway whereon the city of New York had no authority to place barriers. The position of the city is that its obligation to erect barriers, when they are necessary, is limited to the New York end of the bridge, while Westchester county alone can lawfully put them up at the extremity on the other side of the Bronx river. This position is not tenable. The statute requires both municipalities to build, maintain and keep in repair the public bridges over that stream. The duty thus imposed relates to the whole of each structure, so far as the public are concerned, and carries with it the authority to do whatever is necessary to the proper discharge of that duty. In a case like the present, the erection of a suitable barricade was essential, and both municipalities, or either, if the other neglected to act with it, might rightfully put up the barriers wherever they were needed, to afford reasonable protection to the public.

Furthermore, the record leaves no doubt that such barrier as was erected in the present case was put up by a contractor jointly employed by both. The case is not like that of *Carpenter* v. *City of Cohoes* (81 N. Y., 21), where the bridge belonged to the State, and the city was charged by law with no duty in respect to it. Even here it was held that the roadway which constituted the approach to the bridge, was constructively a part of the bridge itself, and there is no reason why the Westchester approach to Williams' bridge should not be regarded in the same light, so far as the obligation to provide suitable barriers is concerned. (See, also, *Hayes* v. *N. Y. C. & H. R. R. R. Co.*, 9 Hun, 63.)

In *Theall* v. *Yonkers* (21 Hun, 265), the injury was sustained on the East Chester end of a bridge between East Chester and Yonkers, maintained by both the town and the city, and the court declared that, by reason of the place where the accident happened, the city was not liable. The expression of this opinion, however, does not seem to have been necessary to the decision, and, furthermore, it is apparently based upon the view that under the general statute

relating to bridges between towns (Laws of 1841, chap. 225), the duty of each town to maintain the bridge does not extend beyond its own limits. We construe the special statute applicable to this case differently.

The judgment will be reversed and a new trial granted, with costs to abide the event.

Van Brunt, P J., and Lawrence, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.