Barnard, P. J.
The evidence fails to show an actionable negligence upon the part of the commissioners of highways of the town of Greenburgh. The accident was occasioned by the plaintiff falling off the end of a culvert. The culvert was hot over one of the streams or ravines which crossed the highway, but was an artificial passage for water from the aqueduct of the city of New York to the Sawmill river. Although the plaintiff speaks hesitatingly as to an old bridge where the new one was, the proof is overwhelming that there was no culvert until this one was erected. The city of New York was authorized to build the aqueduct, and all necessary accessories to its completion and safety. This structure was one of them, and the city of New York made it to carry off the surplus water. The law is quite well settled in such a case that the obstruction in the highway, if it be one, is not a nuisance, because it is legalized by act of the legislature. The city must keep the culvert in repair, and generally make it safe for travel. Heacock v. Sherman, 14 Wend. 58; Dygert v. Schenck, 23 Wend. 446; Hayes v. Railroad Co., 9 Hun, 63. The town officers not only were free from the duty of protecting tlie culvert, but any interference with it in course of construction would have been unauthorized. Carpenter v. City of Cohoes, 81 N. Y. 21. The complaint was therefore properly dismissed, and the judgment should be affirmed, with costs.
Pratt, J., concurs.