By the Court.—Gildersleeve, J.
We are satis *25 fied, from a careful examination of the evidence in this case, that in constructing the bridge and its footways over the Harlem river, the defendant, at the point where the plaintiff received her injury, interfered with a part of the public highway, without authority or warrant of law therefor. The platform-approach to the stairway leading to the footway of the bridge must be regarded as an appendage to and practically a part of the bridge. The defendant undertook to construct and maintain a bridge over the river, “ open for the free use of all persons desiring, to pass and re-pass over the same on foot.” The structure, without suitable approaches, would be useless to foot-passengers, and could not be said to be a bridge. The approaches are as necessary as the structure itself. ■ S. & R. Neg. [3d ed.] § 253; Hayes v. The New York Central, etc., R. R. Co., 9 Hun, 63; Carpenter v. The City of Cohoes, 81 N. Y., 21; The Commonwealth v. Deerfield, 6 Allen, 455.
By the terms of defendant’s contract, defendant was bound to keep “ the bridge and its footways and approaches and stairways and roofs in complete order.” Also both principle and authority imposed upon the defendant the obligation of keeping the same in repair. Hayes v. The New York Central, etc., R. R. Co., supra, and cases above cited.
One of the planks in said platform-approach in some manner became loose, so that the end projected along the other planks of the platform, and the accident was caused by the plaintiff catching her toe against the end of this plank. This defective condition of the platform approach rendered a part of the public street unsafe for the ordinary purposes of travel, and constituted a nuisance. Wood on Nuisance, §§20, 319 and 324; Thompson on Highways, 274 ; Sherman & Redfield on Negligence, § 332 ; Ahern v. Steele, 115 N. Y., 203.
The evidence under the law as we understand it, and as set forth in the authorities above quoted, placed the *26 responsibility for the repair and maintenance of the platform-approach in a safe condition upon the defendant. There was no evidence tending to make any other person or organization than the defendant responsible for the condition of the plank at the time the plaintiff fell. This was the instruction of the learned trial judge to the jury, and we find it to be correct.
The defendant owed to the public the duty of keeping the highway, with which it had interfered, in as good a condition and as safe as it was before the interference. This obligation it did not keep. Any special damage arising from its failure in this respect furnishes ground for a private action, without regard to the question of negligence on the part of the defendant, (Dygert v. Schenck, 23 Wend., 446; Congreve v. Smith, 18 N. Y., 79; Clifford v. Dam, 81 Ib., 56; Mairs v. Man. R. E. Asso., 89 Ib., 493; Wolf v. Kilpatrick, 101. Ib., 146; Cohen v. The Mayor, etc., 113 Ib., 538).
For these = reasons the defendant was liable for the injury sustained by the plaintiff, unless her own negligence contributed thereto. The question of contributory negligence on the part of the plaintiff was correctly left to the jury, and their conclusion in her favor on this point was fully justified by the evidence.
An examination of the exceptions fails to disclose any rulings prejudicial to the substantial rights of the defendant.
The injury sustained by the plaintiff was serious ; it caused her great suffering and will give her pain and trouble all her life. We do not think the damages • awarded by the jury excessive.
The judgment and order appealed from are affirmed, with costs.
Freedman and Dugro, JJ., concurred.