### FITZGERALD vs. THE CITY OF BERLIN.

*December 21, 1880 — January 11, 1881.*

SIDEWALKS: CITY.  *Duty of city as to descending stairway near sidewalk.*

1. Stairways on the street sides of buildings, leading downwards to basements or upwards to the front entrances of such buildings, and not encroaching upon the sidewalks, are lawful; but the municipality is bound to provide proper safeguards to prevent accidents from the proximity of such stairways to the sidewalk, to persons traveling thereon with ordinary care.
2. In this case, where a descending stairway was *parallel* to the sidewalk, and there was a sufficient barrier on the *side* thereof, the defendant city was not bound to cause a barrier or gate to be maintained at the *entrance;* and it was error to submit to the jury the question whether it was negligent in failing to do so.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover damages for personal injuries, alleged to have been received by the plaintiff by means of falling into a hole negligently suffered by the city to be and remain in the sidewalk of one of its principal streets. The precise grounds of the action are stated in the complaint as follows: "That on or about the first day of January, 1878, there was, and had been for a long time prior thereto, to wit, for many years before the

time aforesaid, and had been suffered and permitted to remain, a deep and dangerous hole in and upon said sidewalk, extending from the north line of said street southward into the street and sidewalk five feet and upwards, and running parallel with and in said sidewalk a distance of about ten feet, and which was more than six feet deep, the same being used by the occupant of the adjoining building as a cellar-way, and, to facilitate such use, steps and stairs had before that time been placed therein; that said defendant suffered and permitted the said hole to remain open and exposed, without sufficient guards or railing around the same, by reason whereof the said plaintiff, on or about the time last aforesaid, in the night-time, being wholly unaware of danger, while carefully traveling on said street and sidewalk, without fault or negligence on his part, was accidentally precipitated into said hole, and thereby received great bodily injuries," etc.   It is alleged in the answer of the defendant, among other things, that "the place occupied by said stairway has not at any time been occupied by the public as a portion of the public highway, and that the highway, as accepted and used by the public for more than twenty years before the first day of January, 1878, and since long before the incorporation of the defendant, was and is entirely outside of the area occupied by said stairway, and that said stairway is not in said highway or street;  .  .  .  that the stairway in question was a part of a system of inclosed areas and elevated platforms which had existed for more than twenty years before the time alleged in the complaint, and during all that time had been appropriated by the owners of the lands adjoining the north side of Broadway street, and had, during all the time aforesaid, practically excluded the public from a strip of land about four and one-half feet in width, extending several rods to the east and west of said stairway; and that the sidewalk on the north side of Broadway was built on the south side of said strip of land, about seven feet in width, and much wider than the common width of

sidewalks used in said city.'" It is sufficient to say of the evidence introduced on the trial, that it tends to prove the above allegations of the answer, and also proves that there was a sufficient railing between the stairway and the sidewalk proper. Several instructions to the jury were proposed on behalf of the city, which the court refused to give. Among these is the following: "If you find from the evidence that the said hole or stairway was, at the time of the alleged injury, on the property of some person other than the defendant, and that the north line of said Broadway street, as the said street has been used and occupied ever since the same has been used by the defendant and the public for the purposes of a street, runs south of said hole or stairway, then the plaintiff cannot recover." The court instructed the jury that "if it [the stairway] was not within the limits of the sidewalk, but so near to it that it would, without suitable barriers or guards, endanger the safety of passengers using the sidewalk with ordinary care and diligence to avoid exposure to injury, it was the duty of the defendant to guard against such opening by means of a railing or in some other proper mode; and if it neglected to do so, and in consequence of such neglect any person using the sidewalk sustained an injury, without negligence on his part which contributed to such injury, it would be liable for the damages thereby occasioned.

There was a verdict for the plaintiff; a motion for a new trial was denied, and judgment entered pursuant to the verdict; and the defendant appealed.

For the appellant there was a brief by *Waring & Ryan*, and oral argument by *Mr. Waring*.

For the respondent there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

LYON, J. It is very frequently essential to the convenient and proper use of hotels and other business houses, sometimes of dwellings, adjacent to streets in cities and villages, that they

be constructed with stairways on the street sides, leading downwards to the basements and cellars, or upwards to the front entrances of such buildings. Structures of this character, which do not encroach upon the sidewalks, are lawful. The existence of such a structure, however, imposes upon the municipality in which it is situated the duty of providing proper safeguards to prevent the happening of accidents, by reason of its proximity to the sidewalk, to persons traveling thereon with ordinary care. In the present case the stairway where plaintiff was injured was constructed parallel to and abutting what the defendant claims to be the sidewalk. If it did not encroach upon the sidewalk, we think the defendant city performed its duty by maintaining a sufficient barrier between the sidewalk and the stairway. A barrier, or gate, placed at the entrance to the stairway, would in many, perhaps in most, cases be very inconvenient, and would, or might, seriously interfere with the lawful use of his premises by the owner. On the facts of this case we think it would be unreasonable to require the municipality to maintain such a safeguard at the entrance to the stairway in question, unless it was within the limits of the sidewalk. The city, therefore, was guilty of no neglect of duty unless the stairway was within the limits of the sidewalk ordinarily used and traveled by the public; and the jury should have been so instructed. They were not so instructed, but the question whether the city was guilty of negligence was left to them, notwithstanding they should find that the stairway was not within the limits of the sidewalk. This was error. We think the instruction proposed on behalf of the city, quoted in the foregoing statement of the case, is substantially correct, and should have been given.

Several other errors are alleged, but it is not deemed necessary to consider them.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.