# THE CITY OF ABILENE V. GEORGE W. COWPERTHWAIT.

1. CITY — *Defective Sidewalk — Negligence of Lot Owner — Bodily Injury — Liability.* The corporate authorities of a city permitted a lot owner to make a dangerous cellar way in a sidewalk and street in front of his house, which he subsequently covered with a frail trapdoor that was defective in construction and around which no safeguards were placed. It remained in this condition for about two months, when a person traveling over the sidewalk stepped upon the trapdoor, which broke down and precipitated him into the excavation below, causing several personal injuries. *Held,* That the city cannot relieve itself from responsibility because the dangerous and unguarded opening was made and covered by the lot owner; that it was the duty of the city authorities to supervise the work of covering the cellar way and to cause the use of suitable precautions to prevent accidents; and that, under the facts and circumstances of the case, the city was negligent, and liable for the injury sustained.

2. WANT OF KNOWLEDGE, *When Negligence.* Where a diligent performance of the duty of supervision in the construction of a covering over a perilous excavation in a street would bring knowledge to the officers of the defect and the dangerous character of the same, a want of such knowledge is negligence.

## *Error from Dickinson District Court.*

ACTION by *Cowperthwait* against the *City of Abilene,* to recover damages for bodily injuries. Judgment for the plaintiff, at the May term, 1889. The defendant *City* brings the case to this court. All the material facts are stated in the opinion, filed November 11, 1893.

*Stambaugh & Hurd,* and *T. E. Dewey,* for plaintiff in error:

The undisputed facts to which the court's attention is called are: First, that the officers of the city had no actual notice of any defect in the sidewalk at this place. Second, that if there was a defect it was one that could not have been discovered by the exercise of ordinary diligence. Third, that the walk at this place was reasonably safe for the uses for which it was intended. Hence the verdict is contrary to law, and is not supported by sufficient evidence. It was error to

overrule the motion for a new trial. *Jansen v. City of Atchison,* 16 Kas. 384; *City of Atchison v. Jansen,* 21 id. 576; *City of Emporia v. Schmidling,* 33 id. 489; *Montgomery v. City of Des Moines,* 7 N. W. Rep. 421; *Ruggles v. Town of Nevada,* 18 id. 866; *Cook v. City of Anamosa,* 23 id. 907.

*Burton & Moore,* and *John H. Mahan,* for defendant in error:

Where a city permits a cellar way to be constructed in the sidewalk of one of its principal streets, which cellar way is not guarded in any manner except by a loose trapdoor placed thereon, that may be taken up and put down at the will of the person who uses the cellar, it is in itself *prima facie* evidence of negligence on the part of the city, and nothing will terminate the negligence of the city except to close up the cellar way so as to make it permanently and constantly safe for those traveling on the sidewalk. See *Smith v. City of Leavenworth,* 15 Kas. 86, 87.

This accident was the direct result of a defect in the construction of the sidewalk, and not of a defect from a sidewalk having become defective after being properly constructed. Nor was there any pretense that the defect was the result of decay or wear from use, as it had only been constructed from February to May — probably less than three months. See *Montgomery v. City of Des Moines,* 7 N. W. Rep. 421; *Cook v. City of Anamosa,* 23 id. 907. See, also, *City of Emporia v. Schmidling,* 33 Kas. 485; *Kansas City v. Bradbury,* 45 id. 387; *Moore v. City of Plattville,* 47 N. W. Rep. (Wis.) 1055.

The opinion of the court was delivered by

JOHNSTON, J.: George W. Cowperthwait fell through a sidewalk on one of the principal streets of Abilene, which was constructed over an excavation, and was severely injured. Business houses fronted upon the sidewalk, which was built of wood. Prior to February, 1888, an owner of abutting property was permitted to have an opening in the sidewalk for a cellar way, about six feet long and two feet and four inches in width, which he used as an entrance into the base-

ment of the building. For a time the opening was inclosed with a wooden railing, but in February, 1888, the owner placed a frail covering over the opening, after which the railing was removed. The covering, or door, was constructed of 2x4 scantling, placed lengthwise of the opening, about 18 inches apart, upon which were nailed inch boards about 28 inches long. This trap door was loosely placed over the opening, the north end resting upon the upper step of the stairway leading into the basement, and the south end resting upon a scantling or board nailed to one of the stringers supporting the sidewalk. In the following month, Cowperthwait, while passing along the street, met two other persons at the point where the trapdoor had been placed in the walk, and, while standing upon it conversing with them, the south end gave way and fell down, throwing him into the excavation below. The jury found that the accident and injury resulted from the negligence of the city, and awarded Cowperthwait damages in the sum of $2,100.

The city contends that the testimony produced is insufficient to sustain the verdict and judgment. It clearly appears to us that the trapdoor was defectively constructed, and, without a railing or other protection, made the sidewalk unsafe for public travel. It is true that the perilous opening in the sidewalk was made, and the railing which was once there removed, by the adjoining owner, and not by the city; but the corporate authorities are vested with full control of the streets and sidewalks, and are required to maintain them in a reasonably safe condition for public travel. The city cannot escape liability by permitting the owner to make a dangerous and unguarded opening in the sidewalk. It was unquestionably negligent in allowing a dangerous cellar way to be constructed in the sidewalk, "and nothing will wholly terminate the negligence of the city except to so close up the cellar way as to make it permanently and constantly safe for those traveling on the sidewalk." (*Smith v. City of Leavenworth*, 15 Kas. 81.) "If the city permits a lot owner to occupy the sidewalk, or obstruct the free passage over it, or endanger its safety by ex-

cavations beneath it, it 'does not thereby relieve itself from responsibility. It is, as to third parties, the same as though it had done these things itself." (*Jansen v. City of Atchison,* 16 Kas. 385.)

The city cannot be held liable unless it had notice, actual or implied, of the defect in the sidewalk, nor can the existence of the defect or the negligence of the defendant be inferred from the mere occurrence of the accident. The officers of the city, however, were aware of the unauthorized excavation in the street, which had existed for a long time prior to February, 1888. They knew it had been formerly guarded by a railing, and that this, although insufficient, had been removed. They knew, or should have known, that a loose trapdoor had been placed over this opening. It was the duty of the city to supervise the work of covering the opening, and to cause the use of suitable precautions to prevent accidents. If the officers had exercised a reasonable supervision of the street and walk when the covering was placed there and the railing removed, the perilous character of the place would have been apparent. They would have seen that the ends of the boards on the trapdoor were not nailed to the walk nor to the adjoining building, and that it was liable to be displaced and occasion such an injury as befell Cowperthwait. They knew, or should have known, that for a period of about two months there was no railing around the trapdoor, or other suitable safeguards for the prevention of accidents. With a knowledge of these facts, and charged as the city authorities are with notice of those which they should know, it cannot be said that the city was without notice. A reasonable supervision on their part would have discovered the defect in time to have prevented the injury. The end of the door which fell rested upon an insecure attachment, the character of which was detailed to the jury. Although some witnesses stated that it was a good job, enough was shown to establish that it was faulty in construction, and, in view of the dangerous excavation beneath, that it was improperly guarded. There was sufficient testimony respecting the neg-

ligence of the city officers, including as it does the question of notice, to take the case to the jury, and its finding upon these questions is conclusive. There was a clear omission of duty on the part of the city officers which makes the city liable for the injury, although they may have had no actual notice of the defect in the attachment upon which the south end of the door rested. Diligent performance of the duty of supervision in the construction of the door would have brought knowledge of the defect. In some cases a want of knowledge is negligence. (*Boucher v. City of New Haven*, 40 Conn. 456.)

No sufficient reasons have been shown for setting aside the verdict, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.