C. F. EARL, Appellee, v. THE CITY OF CEDAR RAPIDS, CHAS. KOSEK, FRANK DLASK, and GODFREY DLASK, Appellants.

**Defective sidewalks:** LIABILITY OF PROPERTY OWNER AND CITY: EVIDENCE. The owner of a building and his tenants who maintain a cellarway from a traveled street to the basement, which extends into the street, and who leave the trap door thereto open without railing or guard, are negligent; and the liability of the city for an injury therefrom is a question of fact dependent upon all the circumstances. In the instant case all defendants were properly found to be negligent.

**Negligence:** LIABILITY OF CITY. A city is liable for an injury resulting from the negligent maintenance of a private cellarway which extends into a traveled street, whether the injury results from an approach from the street or the abutting property.

**Contributory negligence:** ORDINARY CARE: EVIDENCE. A pedestrian is not required to be on the lookout for hidden dangers in the street: He is only required to walk with his eyes open observing his natural course, and in the usual manner. A finding of ordinary care is sustained.

**Review of directed verdict.** A motion to direct a verdict will only be reviewed on the grounds on which it was submitted in the trial court.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H. ROTHROCK, Judge.

FRIDAY, JANUARY 13, 1905.

ACTION at law to recover damages for injuries received by plaintiff in falling into a cellarway in or near one of the

streets of the defendant city. The defendants, other than the city, are the owners and occupants of abutting property, who constructed and maintained the alleged defect. Trial to a jury; verdict and judgment for plaintiff against all the defendants; defendants appeal.— *Affirmed.*

*J. M. Hughes* and *Bingham & Mekota,* for appellants.

*Rickel, Crocker & Tourtellot,* for appellee.

Deemer, J.— Abutting on what is known as Sixteenth avenue west, in the defendant city, is a building known as No. 73, owned, occupied, and used by the defendants, other than the city, as and for a saloon. The front of the building was about two feet from the street line, but the space, except as we shall hereafter notice, was covered with brick, as was the sidewalk in the street, and there was nothing to mark the exact place of the lot line. Immediately in front of the door to the saloon, which was in the center of the building, was a cement step or flagstone, about three feet wide, and five or six feet long. Immediately to the west of this step was a cellar or areaway, three feet and one inch wide and six feet long, extending along the side of the building, and running out into the sidewalk in the street at least one foot. This cellarway had a trapdoor, which, when closed, was on a level with the street and the lot outside the street. This trapdoor swung toward the building, and, when opened, rested against the side of the building. There were no barriers or railings around this areaway, and nothing to warn travelers of danger when the door was open. This condition had existed for at least two years prior to the time plaintiff received his injuries. At about 7:45 in the evening of March 2, 1903, plaintiff went into the saloon to get a drink; accomplishing his purpose, plaintiff started to leave the saloon, stepped from the door onto the flagstone, and, wishing to go west, started in that direction, and, stepping from the flagstone,

1. Defective sidewalk: liability of property owner and city; evidence.

landed at the bottom of the areaway — the trapdoor being open — and received the injuries of which he complains.

The evidence shows that the cellar to this building was used for storing beer and ice, and that the trapdoor for a considerable period had been open at least once, and sometimes twice, a day. There was also testimony which tended to show that this door was frequently left open both day and' night before the accident occurred. Some of the witnesses say that they found it open at least three times a week for some months prior to the time plaintiff was injured. There is no doubt this arrangement in its unguarded condition was extremely dangerous. The flagstone and the areaway extended some distance into the street, and there was nothing to denote the line of demarcation between the lot and the street. But for the flagstone, the lot and street were upon a common level, were all improved as a part of the. street, and in fact, the sidewalk extended up to the front wall of the building. The trapdoor, when closed, was on a level with the street. There were no guards or barriers of any kind to prevent persons from falling into the opening when the door was raised. That the owner of the property and the tenants who used it were negligent, there can be no doubt. Whether or not the city was negligent was a question of fact for a jury, depending, of course, upon the method of construction and use made of the premises, and the number of times the door had been left open and unguarded, and all other relevant facts and circumstances in the case. This issue was submitted to the jury, and it found all defendants negligent.

But it is contended that, as the areaway was not wholly within the street, and as plaintiff did not approach it from the street, but from abutting property, the city owed him (plaintiff) no duty, and was not guilty of actionable negligence. We cannot agree to this construction. Both the flagstone and the areaway were partially in the street, and the opening was such

2. NEGLIGENCE: liability of city.

as to constitute a menace to all who might be using the street. When plaintiff stepped from the flagstone he was in the street, and, on account of the use made of that part of the lot and the front of the building, and the nature of the improvements thereon, the defendant city did owe a duty to persons rightfully thereon.   Even an excavation entirely outside the street line, but so near thereto as to endanger the traveling public, is held to be a nuisance, and the continuance or maintenance thereof actionable.   *Rowell v. Williams,* 29 Iowa 210; *Smith v. Leavenworth,* 15 Kan. 81; *City of Abilene v. Cowperthwait,* 52 Kan. 324 (34 Pac. Rep. 795); *Niblett v. Nashville,* 12 Heisk. (Tenn.) 684 (27 Am. Rep. 755); *City v. Hafers,* 59 Ga. 151; *Peoria v. Simpson,* 110 Ill. 294 (51 Am. St. Rep. 683); *Grove v. Kansas City,* 75 Mo. 672; *Fitzgerald v. Berlin,* 51 Wis. 81 (7 N. W. Rep. 836; 37 Am. Rep. 814); *Woods v. Groton,* 111 Mass. 357; *Boucher v. City,* 40 Conn. 456.   On account of the nature of the defect, it is immaterial that plaintiff was coming out of the saloon to get upon the sidewalk.   As soon as he emerged therefrom and attempted to step from the flagstone onto what appeared to be, and in fact was, a part of the street, he was entitled to protection.   The case differs from those where one is injured while upon private property in attempting to reach the street.   The city in such cases owes the traveler no duty.   But when he gets upon the street, or upon what from the nature of the construction appears to be part of the street, he is entitled to the protecting care of the city.   It is this which distinguishes the case from *Goodin v. City,* 55 Iowa, 67, relied upon by appellants.   To all intents and purposes plaintiff was upon the street when he received his injuries.

II.   The point most relied upon by appellants for a reversal is that plaintiff was guilty of contributory negligence in not using his senses to discover the defect.   There is no evidence that he knew there was a trapdoor at the place in question.   He had a right, therefore, to assume that there

were no such pitfalls as this at any place where he might

**3. CONTRIBUTORY NEGLIGENCE: ordinary care; evidence.** rightfully travel. The night was dark, and plaintiff testified that he looked to see where he was going as much as he ever did; that he stepped out of the building naturally, and looked where he was going, and that he did not see the hole, and had no previous knowledge of the cellarway. The trial court submitted the question of plaintiff's negligence to the jury, and it evidently found plaintiff was not negligent. The rule of this court is that the question of contributory negligence is generally for a jury. Even where one has notice of a defect in a sidewalk, he is not for that reason alone negligent in attempting to pass over it. Here there is no evidence that plaintiff had any notice or knowledge of the defect. But it is said that if he had used his senses he would have seen it. This was a question for the jury, and was properly submitted. Of course, one cannot close his eyes and walk blindly and heedlessly into a place of danger. On the other hand, he is not bound to be on the lookout for hidden dangers. All that is required of him is that he walk with his eyes open, observing his general course, and in the usual manner. *Barnes v. City of Marcus,* 96 Iowa, 682; *Lichtenberger v. Town of Mireden,* 91 Iowa, 45; *Evans v. Iowa City,* 125 Iowa, 202. The jury was justified in finding that plaintiff exercised the usual care of persons traveling upon public streets, and this is all that is required. An instruction holding plaintiff to too strict a duty in this respect was properly refused, and the ones given by the court were such as have been affirmed by this court in numerous cases. *Mathews v. Cedar Rapids,* 80 Iowa, 464, sustains our conclusions.

III.   Contention is made that the trial court erred in not sustaining defendants' motion for a directed verdict for

**4. REVIEW OF DIRECTED VERDICT.** the city, on the ground that there was no evidence tending to show any negligence on its part. As this was not made a ground for the motion, we have nothing here to consider.

IV. Criticism is made of some of the instructions. These are hypercritical in character. The instructions, fairly and properly construed, are not objectionable. It would be of no benefit to the parties or to the profession to set them out, for they relate to matters arising on every such trial, and are the usual ones given in such cases.

There is no prejudicial error in the record, and the judgment is *affirmed*.