No. 20,684.

ROSA BENNETT, *Appellee*, v. THE CITIZENS STATE BANK OF SYLVIA, *Appellant*.

#### SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Basement Stairway—Contributory Negligence—Question of Fact.* Whether plaintiff was negligent in stepping from a sidewalk during the nighttime into a basement stairway is a question of fact and not of law.

2. NEGLIGENCE—*Basement Stairway—Personal Injuries—Liability of Lot Owner.* One who creates a pitfall or excavation so near a public highway as to endanger persons lawfully using the highway is liable for an injury sustained by one who without fault falls therein while attempting to follow the highway.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed March 10, 1917. Affirmed.

*F. L. Martin, Van M. Martin,* and *John M. Martin,* all of Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In the town of Sylvia defendant owns a bank building fronting east which is sixty-four feet in length, along the south side of which extends a sidewalk five or six feet wide. At the west end of the building a stairway extends about four inches into the sidewalk and leads to a basement,

the excavation being about ten feet deep and walled with cement. On the evening of February 16, 1914, between six and eight o'clock, plaintiff and her daughter were walking along the sidewalk, and plaintiff, feeling that her skirts were coming loose, attempted to step up against the bank building to arrange them. She inadvertently stepped into the stairway and was injured by falling to the bottom of the excavation. She brought this action to recover damages, and the jury returned a verdict in her favor for $375, upon which the court rendered judgment. Defendant appeals.

The jury made the following special findings:

"Question 1. While walking upon a sidewalk along the premises of the defendant did the plaintiff attempt to step from the sidewalk upon the premises of the defendant in the rear of its bank building? Answer 1. No.

"Question 4. Would the plaintiff have sustained her injuries if she had not attempted to step from the sidewalk upon the premises of the defendant? Answer 4. Yes.

"Question 5. Did the plaintiff attempt to step from the sidewalk upon the premises of the defendant without looking to see, and without knowing, whether she could do so with safety? Answer 5. No.

"Question 6. If the plaintiff had looked before stepping from the sidewalk could she have seen the cellarway so as to avoid stepping therein? Answer 6. No."

The first claim is that the court should have sustained a demurrer to the evidence. This is based in part on evidence showing that the street and building were lighted, the stairway plainly visible, and therefore it is urged plaintiff was guilty of contributory negligence in stepping into the stairway without looking where she was going. Certainly it can not be contended that the court should declare as a matter of law that plaintiff was guilty of contributory negligence. The accident occurred in the nighttime; the jury heard the evidence as to street lights and all the facts and circumstances, and their general verdict and special findings acquit plaintiff of negligence. We pass by the argument based upon the theory that plaintiff was attempting to step behind the building upon the bank's premises. If there were inconsistencies in statements made by her as to what she was attempting to do, the jury have reconciled them and found that when she fell into the stairway she was attempting to step up against the building.

The court properly refused instructions which denied plaintiff's right to recover unless she fell while attempting to remain on the sidewalk. The defendant had no right to maintain a stairway even four inches in the sidewalk without guards or railings or some protection to persons using the sidewalk in the nighttime. The rule is well settled that one who creates a pitfall or excavation so near a public highway as to endanger persons lawfully using the highway is liable for an injury sustained by one who without fault falls therein while attempting to follow the highway. The landowner can not escape liability for creating such a nuisance on the specious plea that the injured person was a trespasser on his premises, because the traveler inadvertently left the highway and in falling came upon the premises of the owner.

"Even an excavation entirely outside the street line, but so near thereto as to endanger the traveling public, is held to be a nuisance, and the continuance or maintenance thereof actionable." (*Earl v. Dlask,* 126 Iowa, 361, 364, 102 N. W. 140.)

Besides, in the present case the fact that the excavation for the stairway extended out into the walk a space of four inches without guard rail or protection left the defendant no substantial defense. (*Jansen v. City of Atchison,* 16 Kan. 358.) The general rule is stated in 29 Cyc. 467, as follows:

"If the owner of land makes an excavation thereon adjacent to a highway, or so near as to make the use of the highway unsafe or dangerous, he will be liable to a traveler who, while using ordinary care, falls into it and is injured."

It is insisted that it is the duty of the town of Sylvia to keep its streets and sidewalks in reasonably safe condition, but that obligation in no respect relieves the abutting landowner from liability for an encroachment upon the sidewalk by an excavation which causes an injury to one lawfully using the highway. (*City of Topeka v. Sash & Door Co.,* 97 Kan. 49, 154 Pac. 232.)

The judgment is affirmed.