### No. 26,443.

RICHARD DEVINE, a Minor, by JOHN DEVINE, His Next Friend, *Appellant*, v. T. A. HECKMAN, *Appellee*.

·SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Abandoned Cesspool Near Public Alley.* In an action for damages for injuries sustained by a small boy who climbed upon some rotten boards and brush which constituted the covering of an abandoned cesspool close to a public alley which bounded the rear of defendant's town lot, the evidence considered and held insufficient to establish a cause of action against the owner of the lot under the rule which subjects to liability any person in possession and control of property who permits an unguarded pitfall, excavation or other dangerous instrumentality to exist on his premises so close to a public highway or frequented path that people passing by are injured by it through unconscious deviation from the usual course of travel.

2. WITNESSES—*Children—Discretion of Trial Court.* Whether eight-year-old boys who were eyewitnesses to an accident were capable of giving just impressions of the pertinent facts and of relating them truly was a question addressed to the sound discretion of the trial court, and ordinarily its conclusion thereon will not be disturbed on appeal.

Negligence, 29 Cyc. pp. 467 n. 47, 468 n. 54; 26 L. R. A. 686; 5 L. R. A. n. s. 733; 14 A. L. R. 1397; 13 R. C. L. 425. Witnesses, 40 Cyc. pp. 2200 n. 58, 2201 n. 59.

Devine v. Heckman.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 8, 1926. Affirmed.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellant.

*J. O. Emerson* and *David J. Smith,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action for damages was brought on behalf of a small boy who fell into an abandoned cesspool located on a town lot belonging to defendant.

The facts were these: Defendant owned a house and lot in Kansas City. Formerly there was situated at the rear of this lot a privy which set over a brick vault or cesspool some twelve or fifteen feet deep and five or six feet in diameter, narrowing to an opening at the top about two feet across and rising a foot or more above the level of the ground. The privy had been removed and the opening into the vault was covered by some rotten boards, on top of which were some stones, trash and brush which made a pile about three feet above the ground. This vault was three feet from the rear of defendant's lot and from an alley which bounded it. The lot was not fenced nor were the limits of the lot and alley definitely marked. Three small plum trees grew around the vault. Their branches came within three feet of the ground, and one of these trees was growing between the alley and the vault.

On September 17, 1924, the plaintiff and two other small boys were passing through the alley on their way from school. Plaintiff stepped on the rotten covering and fell into the vault. His companions gave the alarm, and a man put a ladder into the cesspool and the lad climbed out covered with filth and suffering from various injuries caused by his fall.

Defendant's demurrer to plaintiff's evidence was sustained and the jury discharged.

Various errors are assigned, the chief of which pertains to the trial court's ruling on the demurrer.

The plaintiff was six years old and the other two eyewitnesses to the mishap were eight years old—all too young to testify—so it was not shown by direct evidence how plaintiff happened to get on top of the rotten covering. There was, of course, no want of evidence nor any substantial dispute that the plaintiff fell into the cesspool and was hurt. Nor was there any material dispute about the lay of the ground, the character of the vault, its projection

above ground, the rotten covering, rocks and brush piled over it, nor much controversy touching the distance from the vault to the alley line or traveled way. Did these facts and the inferences in favor of plaintiff's claim which might be deduced therefrom establish a *prima facie* case of culpable liability against the owner of the town lot on which this abandoned vault or cesspool was located?

Plaintiff relies upon that line of cases which fastens liability upon the owner or person in possession and control of property who permits an unguarded pitfall or excavation to exist on his premises so close to a public way or frequented path that persons passing by fall into it by unconscious or inadvertent deviation from the traveled way. There is a well-settled rule of law to that effect. (*De Tarr v. Heim*, 62 Kan. 188, 61 Pac. 689; *Bennett v. Bank*, 100 Kan. 90, and citations, 163 Pac. 625.) See, also, note to *Railway Co. v. Ray* (Okla.), in L. R. A. 1918A, 843, 849, 850 *et seq.*; and note to *Hildebrand v. Hines* (Pa.), in 14 A. L. R. 1393, 1397 *et seq.*

But it does not appear how the present case can be brought within that rule of law. Plaintiff's petition alleged:

"The dome or top of said cesspool extends above the ground so that the opening is about eighteen inches higher than the level of the yard, and said dome is covered over with large rocks, and with trash and débris."

The evidence was to the same effect except that one witness for plaintiff estimated that the top of the vault protruded "about twelve inches above the level of the ground."

While it was not shown how the boy got past the plum tree which grew between the alley and the cesspool, and was not shown how he scrambled upon or into the brush heap which overlay the rocks and thus got upon the rotten platform, the facts which were shown, together with the circumstances and surroundings, make it too clear for cavil that plaintiff did not get there by mere inadvertence or unconscious deviation from the alley or frequented path thereabout. Nor is this a case where the judgment needs the application of the "single misstep" rule to sustain it. If the question of defendant's liability depended upon the mere matter of distance—one step or several steps—from the alley where the margin of the public way or frequented path was not clearly defined, then, indeed, there would have been a jury question presented. It is not suggested that this heap of rocks and brush on this vault constituted an attractive nuisance, and no case of inadvertent or unconscious stepping aside

from the traveled way was established, and so the demurrer to plaintiff's evidence was properly sustained.

Error is assigned on the trial court's refusal to permit the two eight-year-old eyewitnesses to testify. The examination given them to settle the question whether they were capable of receiving just impressions of the pertinent facts or of relating them truly (R. S. 60-2805) was not very satisfactory; and, in any event, the question of their capacity to give testimony was one for the determination of the trial court. (40 Cyc. 2200.) In *Lee v. Railway Co.*, 67 Kan. 402, 404, 73 Pac. 110, it was said:

"As to this matter the trial court, in seeing and hearing the witness, had means of reaching a just decision that are wholly wanting here."

Furthermore, if the evidence of the eight-year-olds had been received, it would have disclosed nothing which would have tended to fasten liability on defendant. The boys would have testified that, as they came through the alley, plaintiff espied a glass jar in the heap of brush and débris piled over the vault covering and that he said: "I want to get one of those fruit jars for mamma," and that plaintiff "started toward one of them on top of the pile of rubbish, which was just a short distance from the edge of the alley, and when he had taken a step or such a matter from the big electric light pole, that stands there, he [witness] saw his little brother disappear into the pile of rubbish. On investigation he found that he had fallen into a hole in the ground filled with dirty stuff."

Certainly that testimony, if admitted, would not have established a liability against defendant for plaintiff's mishap, under the rule of law invoked by plaintiff.

The appellee had another defense to this action based upon the rule applied in *De Tarr v. Heim*, supra, which held that the occupier and not the landlord would be the party liable in this case if liability existed, since it was shown that the property on which the vault or cesspool existed was and had been in the exclusive possession of tenants for several years. But there is no case here which needs the application of that rule for its determination.

The judgment is affirmed.