JUD&E ROBERTSON
delivered the opinion op the court:
This is a petition to the circuit court for a mandamus to compel the court of claims of Meade county, Kentucky, to allow and provide for paying the appellant, Dr. Pusey, three hundred dollars for his medical treatment of the *218 small-pox in Brandenburg, for about a month, in the spring of the year 1863, in compliance with the request and promise of the county judge of Meade, made to him in the following letter :
“ March 5th, 1863.
“Dr. H. K. Pusey — Dear Sir: You, of course, have heard we have the small-pox in this place. We are deplorably in want of a physician to give such treatment, advice, &c., as he may deem necessary. Fóushee will not practice the cases. It is the desire of our citizens generally that you will come down and see the cases, and give them such treatment as you may think best. I will see that the court makes full and ample provision for your compensation.
“ Very respectfully, your friend,
“W. Alexander.”
The appellant presented his account to the court of claims, and proved that he had faithfully performed the required services, and that they were worth three hundred dollars, the amount he moved the court to allow. But, unwilling to pay for, as charged, the entire service, the court refused to provide for the claim as thus presented. To coerce the allowance, he petitioned the circuit court for a mandamus, and that court overruled his petition. This appeal seeks a reversal of the latter judgment.
The claim, being meritorious and just, ought certainly to be paid; but how and by whom is the question. The county judge had no authority to bind the county to pay for the general treatment of the small-pox in Brandenburg, nor, without his contract, could such comprehensive services impose on the county any implied obligation to pay for them. To give such authority, or impose such obligation, a legislative act would be necessary. And the *219 only act touching this question is the 1st section of article 2d, chapter 94, page 389, Stanton's Revised Statutes, in these words : “When there is danger of the spread of the smallpox in any county, the presiding judge of the county court thereof may employ one or more physicians to inoculate the poor of the county, and agree on a compensation therefor. The court of claims of the county shall levy and provide for paying the stipulated sum.”
This enactment does not sustain the appellant’s claim for general treatment of cases of small-pox and for inoculation in Brandenburg. How much he was entitled to for inoculating poor persons, or whether anything, is not shown.
The court of claims seemed willing to allow him something ; but he refused to accept less than the sum charged for all his services, for the whole of which the county was certainly not bound by contract or law.
Wherefore, the judgment of the circuit court is affirmed.