GOODIN v. THE CITY OF DES MOINES.

1. **Municipal Corporations:** STREETS: APPROACHES TO. It is not the duty of a city to provide means of access from private property to its streets, nor is it liable for a failure to guard its streets from approach, at points where such approach is dangerous.

2. ——: ——: RULE APPLIED. Where the plaintiff, in following a foot-path across a vacant lot, fell down an embankment into the street, which had recently been excavated by the city, and was injured, it was held that the city was not liable in damages for such injury.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 9.

ACTION to recover damages alleged to have been received by the plaintiff, caused by the defective condition of a street in said city. Trial by jury, verdict and judgment for the defendant, and plaintiff appeals.

*H. W. Maxwell* and *Phillips, Goode & Phillips*, for appellant.

*Miller & Godfrey*, for appellee.

SEEVERS, J.—The cause of action stated in the petition is as follows:

" That said defendant, about the month of August, 1875, directed and caused the excavation and digging down of Lyon street, East Des Moines, in Stewart's addition, running east and west between Tenth and Eleventh streets—so as to leave a high embankment on the north side, just where a pathway led out from the sidewalk on said Lyon street across an open piece of ground, to the church of the United Brethren society, which stands on the corner of Tenth and Williamson streets. That there was a good, safe sidewalk along the north side of said Lyon street, and a safe turning out and coming in by said pathway from the street before said defendant had

the same dug down and removed; that said pathway was generally used and by a great many people in going to and returning from said church, and to and from their homes lying in that vicinity, north of Lyon street, and there was no other way, or street or alley provided for use as aforesaid, and Tenth street was only opened from the south up to Lyon street, and north thereof was fenced up, all of which facts had existed for several years and were well known to the said city, defendant; that when said defendant had said Lyon street so dug down it left a steep embankment on the north side thereof, from six to eight feet, nearly perpendicular, at and for many yards on either side, east and west of the place where said generally used pathway came into said Lyon street from the north, and provided no other street, road or pathway for the use of the public in lieu of such pathway; that said defendant put up no barrier or obstruction to indicate or guard against the danger of coming into Lyon street by said pathway after such excavation, but illegally, wrongfully, willfully and negligently left the same in such dangerous condition for a long period of time; to-wit., for four or five months; that plaintiff, on Sunday night, the 24th of October, 1875, had attended divine services at said church, and was returning to her home, which was on the west side of the Des Moines river. The night was dark. It was about ten o'clock. She was ignorant of the steep embankment that had been made as aforesaid—was following said generally used path—and fell down said embankment into the cut or grade of said Lyon street where the said path entered it as aforesaid, and was thereby seriously and dangerously injured, bruised and crippled in her back and hips, and other parts of her person, without fault or negligence on her part."

At the conclusion of the evidence for the plaintiff, the defendant moved the court to direct the jury to find for it, because " the evidence shows without conflict that the plaintiff was injured while going across the open lot, not under the control of the defendant, and falling from said lot into

the street, and that she was not traveling upon any street, alley, or highway over which the defendant has control, or which the defendant was required to keep in repair;" which motion was sustained and the jury instructed accordingly.

The following stipulation as to the evidence was made:

" The evidence introduced on the trial supported the petition in all particulars, except in the manner of approaching the church therein mentioned. That so far as that point was concerned, the evidence showed that said church might be approached from the north, east and west without any interference by said cut in Lyon street; that travel could go along Lyon street to Eleventh street, then north to Williamson street, and then west to said church; and that people could also leave Lyon street between Ninth and Tenth streets and approach said church by going diagonally across lots to the northeast, without any interference by said cut.

" But that after said cut was made in the north side of Lyon street, between Tenth and Eleventh streets, the travel on the path mentioned in said petition, which led out of Lyon street to said church, was entirely cut off by said cut and embankment, which were as described in said petition."

It is not stated in the petition the plaintiff was passing along a public way at the time she was precipitated into the street. The statement that said way " was generally used, and by a great many people," is not equivalent to an allegation that said way was a public way. It must, therefore, have been a private way passing from private property into the street. This fact distinguishes this case from those cited by appellant. They are: *Burkam v. The City of Boston*, 10 Allen, 290. In this case the plaintiff entered the street from a private way and was thereafter injured; in *The City of Covington v. Bryant*, 7 Bush, 248, the plaintiff while passing along a street fell into an excavation therein; in *Oliver v. Worcester*, 102 Mass., 489, the plaintiff was walking along a public foot-path and fell into an excavation dangerously near it; in *Young v.*

1. MUNICIPAL corporations: streets: approaches to.

*Harvey,* 16 Ind., 314, a well was dug on ground used in common and by reason thereof the damages accrued.

The city has full and complete control of the streets, and may excavate or fill up the same at its pleasure, but in doing so it cannot encroach on private property for the purpose of erecting barriers, or any other purpose; nor is it bound to provide a safe, or any, way by which the streets may be entered from private property. The citizen or traveler must get into the public ways of a city as best he can.

Inasmuch as the plaintiff fell from private property into the street and was thereby injured, she cannot recover, and the jury were properly instructed to find for the defendant.

