DAVID W. MULVANE v. THE CITY OF SOUTH TOPEKA.

EXCAVATION—*No Danger Signals—Personal Injuries—City, Not Liable.*
A city is under no legal obligation to provide danger signals along an excavation in a public street as to one traveling outside of the street, or except at the crossings or intersections of such street by other streets or highways; and when a person in driving over a vacant lot or tract of ground is precipitated over an embankment into the street and injured, the city is not liable in damages for such injury.

*Error from Shawnee District Court.*

THE opinion states the case.

*Welch & Welch,* for plaintiff in error.

*S. B. Isenhart,* for defendant in error.

Opinion by GREEN, C.: The plaintiff in error instituted this suit in the district court of Shawnee county, to recover damages from the city of South Topeka for a failure to place danger signals at a point where a well-traveled way, which had been used, as he claimed, for more than fifteen years by the traveling public, although not a regularly laid-out road, intersected a street of such city which had been excavated a distance of some four or five feet below the surface across such traveled way.

At the April term, 1888, the case was tried by a jury, and resulted in favor of the city. The plaintiff below brings the case here, and assigns error in the giving of the sixth instruction, and the refusal of an instruction requested by him. These assignments we shall consider together, as they raise substantially the same question. In the sixth instruction the court said to the jury:

"I further instruct you that before you can find for the plaintiff, you must find from the evidence that, at the time of the alleged accident and injuries complained of, plaintiff was in a public street or public highway in the city of South Topeka. If the plaintiff was not in a public street or public highway when he was precipitated over the bank into the exca-

vation on Kansas avenue, then he cannot recover. Therefore, if you find that the defendant city excavated the avenue up to the west line of the avenue, that is, up to the private land belonging to Ritchie or other land owner, and that plaintiff approached Kansas avenue across the open private land of Ritchie or other person, and was not in a public street or public highway when the plaintiff and his carriage were precipitated over the bank into the excavation, then the plaintiff cannot recover. The city was not required to put up danger signals at any point along the excavation in the avenue except at the crossing or intersection of the avenue by public streets or public highways; and unless plaintiff approached the avenue by a public street or public highway where it was the duty of the city to put up danger signals, then he cannot recover in this action."

The evidence is not preserved in the record, and we shall assume that the facts authorized the giving of this instruction which we think is a correct statement of the law. It is stated in the petition that the plaintiff was passing on said by-road entering Kansas avenue, and was wholly ignorant of the excavation in said Kansas avenue, and was not aware of any danger, and while attempting to drive on to said avenue about nine o'clock at night, was accidentally precipitated in said excavation with his team and carriage, whereby he was injured; that the accident occurred by and through the negligence of the defendant city in leaving said excavation on Kansas avenue where the by-road entered the same wholly unguarded in the night-time by lights or otherwise. Was this such an omission, upon the part of the city, as made it chargeable with negligence, and was the law as laid down by the trial court correct? We must resolve these questions in favor of the city. There was no obligation resting upon the city to provide a way over private property to its public streets and avenues, and the fact that the ground over which the plaintiff passed had been used by the public for a number of years would not cast upon the city any duty to erect barriers or place danger signals upon such ground, unless the city had full and complete control over the same, as a part of the public streets of the city. There was nothing to indicate

that this ground had ever been dedicated to the public, in such a way as to render the city liable, or give the plaintiff any right to use it as a traveled way. It is not the duty of a city to provide means of access from private property to its streets, nor is it liable for a failure to guard its streets from approach, at points where such approach is dangerous. (*Goodin v. City of Des Moines*, 55 Iowa, 67; *Zettler v. City of Atlanta*, 66 Ga. 195; *Young v. District of Columbia*, 3 MacArthur, 137.)

The judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.