ALFRED F. CALHOUN, Respondent, v. THE CITY OF MILAN, Appellant.

### Kansas City Court of Appeals, January 6, 1896.

1. **Municipal Corporations:** APPROACH TO SIDEWALK: PERSONAL INJURY. A city is not bound to furnish safe means of reaching its streets from private property, or to protect those passing on private property from injury by falling into the streets.

2. ———: ———: ———: EXCAVATIONS ON PRIVATE PROPERTY. This case is distinguishable from cases where injury to those traveling on the street is caused by means of excavations on adjoining private property.

3. ———: PRIVATE WALK IN STREET: PERSONAL INJURY. A city is not liable for injury sustained by reason of a defective private walk, although such walk is within the actual limits of the street, where neither the city nor the owner of the property so recognizes it.

4. **Appellate Practice:** ABSTRACT. In this case the abstract is *held* to contain sufficient evidence on which to decide the points in controversy.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED.

*John P. Butler* for appellant.

(1) At the time plaintiff sustained his alleged injury he was not a traveler on the streets of the defendant city. He was merely seeking access thereto from Ash's lumber yard, and the said city was not bound to furnish him with safe or any means of ingress to, or egress therefrom. It is only such streets and sidewalks as are public, and under the corporate control, that the city undertakes to keep in a suitable condition for use. *Carpenter v. Cohoes*, 81 N. Y. 21;

Jones on Neg. Mun. Corp. 133. Where, therefore, the defect, if any, is wholly outside of the traveled track or sidewalk, used by the public for travel, and not connected therewith so as to endanger travelers upon the latter, there can be no recovery, notwithstanding the same may have been within the lines of the original survey of the street, and in a private walk leading from such public traveled sidewalk to a private building or place of business. *Cartwright v. Belmont*, 58 Wis. 373; Jones on Neg. Mun. Corp. pp. 192, 193; *Fitzgerald v. Berlin*, 64 Wis. 203. (2) The appellant, therefore, contends that it was not the duty of the defendant to provide safe, or any, means of access from the private property of Ash onto its streets, nor is it liable for a failure to guard its streets and sidewalks from approach at points where such approach is dangerous, nor to provide signals thereat. *Goodin v. Des Moines*, 55 Iowa, 67; *Meridian v. Hyde*, 11 S. Rep. (Miss.) 108; *Zettler v. Atlanta*, 66 Ga. 195; *Young v. District of Columbia*, 3 McArthur, 137; *Mulvane v. Topeka*, 45 Kan. 45; 2 Beach on Mun. Corp. p. 1228; Jones on Neg. Mun. Corp. 160–192. The duty of the defendant city extends only to its public traveled streets and sidewalks and to the proper protection from danger of travelers thereon.

*D. M. Wilson* and *A. W. Mullins* for respondent.

(1) It thus appears, and we submit beyond successful contradiction, that the bill of exceptions does not contain the whole evidence, nor does it claim to do so. (2) The photographic exhibits A and B, made a part of the bill, show to the eye that the south end of the lumber office was out on a line with the other buildings west of it on the same side of Third street clear up to the public square, and that the side-

walk in front of the office was out in the street and plainly discernible to all who looked or went that way.

ELLISON, J.—The plaintiff sued the defendant city for personal injuries received in falling off a walk, which plaintiff alleged was a sidewalk on one of defendant's streets. He recovered below and the city has brought the case here.

R. B. Ash owned the east half of a block of real estate facing the street, the north line of the street being the south line of the block. He had on the ground his residence, a lumber yard, and a little building on the southwest corner as an office. There was also a carpenter shop and perhaps some other buildings on other parts of the property. The grade of the street begins to descend toward the east, just west of the southwest corner of the property, being about one and one half feet below the surface of the block, at the southwest corner where the office building was situated; and about eight feet below the surface at the southeast corner. A prior owner of the property boarded up the embankment thus left on the line between the property and the street, by driving piling and nailing boards thereto, making a board-retaining wall to keep the embankment from caving into the street. This prior owner likewise built a plank walk, three feet wide, from the southwest corner of the property, where the office building was, to his residence. Access to this walk from the street was made by constructing two or three steps at the southwest corner, where, as before stated, the surface of the property was one and one half feet above the grade of the street. Afterward the city constructed a sidewalk along the north side of the street (being the south line of the property) on the grade of the street. Plaintiff was a musician and frequently met with other members of a band at the car-

Calhoun v. The City of Milan.

penter shop aforesaid, which they used as a place of meeting. On the night of the accident, plaintiff had been to the shop more than once, preparing for a serenade, to be given to some parties in the town. The members, including plaintiff, returned to the shop after the serenade and there dispersed. Plaintiff, in leaving the shop, came across the property, until he got upon the walk which was built on the grounds above the grade of the street, as we have stated. He walked westward in front of the office building, and at a point about midway of the front of the building he stepped, or fell, off the walk, onto the sidewalk on the street—the street, at that point, being about two feet below the upper walk. By this means he received a painful injury, for which he instituted this action, charging defendant with negligence in not having a railing along the walk. This statement we deem sufficient for a disposition of the case on the point we have concluded should govern it. From such statement it will be observed that plaintiff, while on private property, came upon the walk which was built on private property, and while proceeding along said walk, fell onto the sidewalk in the street aforesaid. Plaintiff, in walking along the walk, was endeavoring to gain access to the street, but was not yet on the street.

The contention urged by counsel for the city, under these facts, is that the city was not bound to furnish safe means of reaching its streets from private property, or to protect those passing over private property from injury by falling into the street.

We are of the opinion that such contention is the law as applicable to the duties of cities with regard to its streets. *Mulvane v. Topeka,* 45 Kan. 45; *Young v. Dist. of Col.,* 3 McArthur, 137; *Fitzgerald v. Berlin,* 64 Wis. 203; *Goodin v. Des Moines,* 55 Iowa, 67; *Carpenter v. City of Cohoes,* 81 N. Y. 21.

The plaintiff was not injured while traveling along the street. The street and sidewalk thereon were not unsafe for persons using such street for travel. The plaintiff was not injured on account of any defect in the street, but on account of being precipitated from unguarded private property into the street. In such cases, the city is not liable for resulting injuries. 2 Beach, Mun. Corp. 1228.

This case is clearly distinguishable from that class of cases where the municipality is held liable for injuries caused by excavations, or other dangerous agencies, on private property, but so near the street as to become a means of injury by a misstep, or other accidental contact with such agency, by one *traveling on the street*.

In the foregoing we have treated the walk leading to the Ash residence as on private property, outside the limits of the street. But it appears that, in point of fact, such walk was within the actual limits of the street, as originally laid out, though not so regarded by the owners of the property, or the defendant city. The city never so recognized it. The city graded the street and built the sidewalk, as though the embankment was the true line dividing the street from the property. The city never recognized the walk leading to the residence as a public walk, nor did it exercise control or supervision thereof. Under such circumstances, we regard the case just as if the private walk had been, in point of fact, within the true limit of the private property, as originally established by survey, and as it was supposed to be. *Fitzgerald v. City of Berlin*, 64 Wis. 203.

Plaintiff has urged that the record does not contain the whole evidence. But we must accept it as presenting here the points in controversy between the

parties, and from such record, such facts appear affirmatively as show that plaintiff has no cause of action for the injuries received.

The result of the foregoing is that the defendant's demurrer to the evidence should have been sustained and we must therefore reverse the judgment. All concur.