Argued October 17, affirmed November 13, 1923.

## J. W. PARKER *v.* CITY OF SILVERTON ET AL.

(220 Pac. 139.)

**Municipal Corporations—Streets Belong to Public—"Public Highways."**

1. The streets within an incorporated city are a part of the public highways, and belong to the whole people of the state, and persons residing in the city have an equal but not a superior right to the use of the streets over those who reside elsewhere.

Municipal Corporations—Legislative Power of Over Streets Dependent on Delegation by Legislature.

2.   Municipalities possess no legislative power over public streets within corporate limits unless conferred by legislative authority, the legislature being empowered to delegate to municipalities the power to regulate streets and to withdraw it at will.

Municipal Corporations—Municipal License Fee Imposed on a Carrier of Passengers by Motor Vehicles Between Two Cities, not Being for Regulatory Purposes, Held Void.

3.   Where a carrier of passengers by motor vehicles for hire between two cities under a permit issued by the Public Service Commission had paid the license fee required by Laws of 1921, Chapter 371, page 728, Section 25, as amended by Laws of Special Session of 1921, Chapter 8, page 23, which by Laws of 1921, Chapter 371, page 729, Section 26, is in lieu of any license fee imposed by a municipality except for regulation only, a license fee of $300 imposed by ordinance for receiving and discharging passengers on the streets was not regulatory, but a tax, and in conflict with Laws of Special Session of 1921, Chapter 10, page 36, Section 3, conferring on the Public Service Commission the right to regulate motor vehicles for hire not operating exclusively within the corporate limits of any cities, and is therefore void.

Carriers—Licensed Carrier Entitled to Receive and Discharge Passengers on the Streets.

4.   Where a carrier was authorized by the Public Service Commission to transport passengers for hire between two incorporated cities, it had a right to receive and discharge passengers upon the public streets, of one of the cities, and the municipality could not prevent or prohibit it.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

AFFIRMED.

For appellants there was a brief and oral argument by *Mr. Custer E. Ross.*

For respondent there was a brief and oral argument by *Mr. Fred A. Williams.*

RAND, J.—The plaintiff is a common carrier of passengers, between Salem and Silverton, by means of motor vehicles, under a permit regularly issued by the Public Service Commission. He brought this suit to enjoin the enforcement of an ordinance of the

City of Silverton. This ordinance was passed on March 28, 1923, and it prohibits the operator of any vehicle, used for the carriage of passengers or property for hire between points within and without the city, from receiving or discharging passengers or property on any of the public streets of the city, except upon payment to the city of a license fee of $300 per annum for each vehicle having the seating capacity of those operated by plaintiff.

The ordinance also provides that permits may be issued upon the annual payment of $75 for each stage having the seating capacity of those operated by the plaintiff, on condition that the operator shall provide a stage terminal in the City of Silverton, which, under the terms of the ordinance, shall be located entirely upon privately owned property, shall be housed in a substantial structure and be constructed in conformity to the ordinances of that city and be equipped with suitable waiting rooms, which shall be heated in the cold season and shall have adjacent thereto suitable lavatories and toilet facilities for both males and females. But in such case the carrier must receive and discharge all passengers at the terminal station, and is not permitted to receive or discharge passengers on the public streets at all. It also provides that the fares and charges for transportation shall be just and reasonable and that if the same are exorbitant or unreasonable, the permit may be revoked by the council. It prescribes the streets which may be used by motor vehicles carrying passengers or property for hire in entering and departing from the City of Silverton, and forbids the use of streets other than those designated. It provides a penalty of imprisonment or fine or both for its violation, and gives the recorder of the city

power to revoke the license for a second or subsequent conviction for violation of its terms. By its terms the ordinance is made applicable to all carriers, whether operating wholly within the city or operating to and from points outside of the city.

By Chapter 10, Laws of 1921 (Spec. Sess.), the legislature confers upon the Public Service Commission of Oregon the exclusive power to regulate public carriers engaged in transporting by motor propelled vehicles passengers or property for hire over the public highways of the state, not operating exclusively within the corporate limits of an incorporated city or town. Under this statute, it is made the duty of the Public Service Commission of this state to supervise and regulate all transportation companies engaged in the transportation of persons or property for hire by motor vehicles over the public highways of the state, and to fix their rates and charges therefor. The term "transportation company" is defined by the act to include every corporation or individual thus engaged, and the term "public highway" as defined means "every public street * * in this state." The commission is empowered to prescribe general rules and regulations governing such transportation and providing for the safety thereof; to require them to furnish adequate facilities for the conduct of their business, and to file annual reports and to furnish such other information as the commission may require. The act requires transportation companies to pay an annual license fee to the commission in order to defray the expenses of administering the act, and to furnish bonds with sufficient sureties satisfactory to the commission, conditioned to pay the fees prescribed by Section 25 of Chapter 371 of the General Laws of

Oregon for 1921, as amended by Chapter 8, Laws of 1921 (Spec. Sess.). Section 9 of Chapter 10 prescribes a penalty which may be enforced upon any carrier under the act who violates or fails to comply with any order, decision, rule, regulation or requirement of the Public Service Commission, and Section 3 of Chapter 10 provides that the Public Service Commission, in the exercise of its jurisdiction, shall have the power to make orders, and prescribe rules and regulations affecting transportation companies "notwithstanding the provisions of any charter, ordinance or permit of any incorporated city or town or county, and in case of conflict between any such order, rule or regulation of any such charter provision, ordinance or permit, the order or regulation of the Public Service Commission shall in each instance prevail, but cities and towns may enact and enforce reasonable regulatory licenses not destructive of the general purposes of this act." Section 26 of Chapter 371 provides that the registration and license fees imposed upon motor vehicles "shall be in lieu of all other taxes and licenses except municipal license fees under regulatory ordinances to which such vehicles or the owners thereof, by reason of such ownership, may be subject."

Under the plain provisions of Section 26, Chapter 371, the payment by transportation companies of the registration and license fees prescribed by Section 25 thereof, as amended, was made to and accepted by the state upon the express condition that no other tax or license fee should be exacted of any transportation company, by the state or by any municipality or governmental agency of the state, except such reasonable municipal license fees as should be imposed by municipalities for purposes of regu-

lation only, and then only for such an amount as would be necessary to cover the expenses of such regulation; while under the provisions of Section 3 of Chapter 10 quoted above, the ordinance in question cannot be upheld or enforced unless it (1) is a mere reasonable regulation not destructive of the general purposes of the act embraced in Chapter 10, and (2) imposes the payment of a mere regulatory license fee and does not exact the payment of a tax.

1, 2. The public streets within the limits of an incorporated city or town are a part of the public highways of the state and belong to the whole people of the state. They are maintained primarily for the benefit of the people at large. Persons residing in the city or town have an equal, but not a superior right, to 'the use of the streets, over those who reside elsewhere. All alike must make a reasonable use of them so as not unduly or unreasonably to interfere with the common right possessed equally by all. The municipalities themselves possess no legislative power over the public streets within their corporate limits unless conferred by some legislative authority. It is within the legislative power to delegate to municipalities the sole power to regulate and control the streets within their corporate limits and to withdraw this delegated power at will.

3. Under the provisions of Chapter 10, municipalities are given the power to regulate and control traffic upon their streets which begins, ends and is completed within their corporate limits, but as to the transportation for hire of passengers or property by motor vehicles not exclusively and wholly conducted within the corporate limits of a city or town, the power to regulate it is conferred exclu-

sively upon the Public Service Commission of the state, and no power, whether previously conferred by charter or legislative enactment, remains in the cities or towns except the mere power to pass or enforce some purely regulatory ordinance which in no wise conflicts or interferes with the regulation of the traffic, by the Public Service Commission.

4. Plaintiff neither has nor maintains a terminal stage at Silverton, and in order for him to operate in conformity to the ordinance in question in carrying passengers between Salem and Silverton, he will be required to pay an annual license fee of $300 per annum for each autostage used in that connection. It is manifest that this is not the imposition of a charge for mere regulatory purposes only, but is a burden intended to be imposed for revenue purposes, and is, therefore, a tax, under the doctrines announced in *Ellis* v. *Frazier,* 38 Or. 462 (63 Pac. 642, 53 L. R. A. 454); *Reser* v. *Umatilla County,* 48 Or. 326 (86 Pac. 595, 120 Am. St. Rep. 815); *Hofer* v. *Carson,* 102 Or. 545 (203 Pac. 323). It is sought to be imposed for the mere privilege of receiving and discharging passengers upon the public streets of Silverton. It is unlawfully imposed because in direct conflict with the express terms of the statute and is an attempt to exercise power not conferred by the legislature upon the city. In order for plaintiff to transport passengers for hire between Salem and Silverton, as authorized by the Public Service Commission, it is necessary for him to receive and discharge his passengers upon the public streets of Silverton. He is authorized to transport them to and from Silverton and he cannot be compelled to receive or discharge them outside of the corporate limits of that city.

To receive and discharge passengers upon the public streets of a city is an essential and necessary part of the transportation by automobile busses of passengers from one place to another, and when this is being done in the usual and customary way, under a permit regularly issued by the Public Service Commission, it is not within the power of a municipality to prevent or prohibit it.

This provision of the ordinance, as well as some of the others hereinbefore alluded to, is in direct violation of the provisions of the statute and is, therefore, illegal and void. The judgment of the Circuit Court, holding that this ordinance, in so far as it affects the operations of the plaintiff, is void, is therefore affirmed.                    AFFIRMED.

McBRIDE, C. J., and HARRIS, J., concur.

BURNETT, J., took no part in the decision of this case.