Submitted on briefs January 20, writ sustained February 14, 1928.

# IN RE R. C. FINE.

# R. C. FINE *v.* CLYDE WARREN, CHIEF OF POLICE.

(264 Pac. 347.)

**Licenses—Cities can License Motor Vehicles for Regulatory Purposes Only (Laws 1921, p. 729, § 26).**

1. Laws of 1921, page 729, Section 26, prohibits cities from imposing licenses on motor vehicles except for regulatory purposes.

**Licenses—Motor Vehicle License Tax Should not Materially Exceed Approximate Anticipated Expense of Issuing Licenses and Inspecting and Regulating Vehicles (Laws 1921, p. 729, § 26).**

2. License tax, imposed on motor vehicles by city for regulatory purposes, as authorized by Laws of 1921, page 729, Section 26, should not materially exceed approximate anticipated expense of issuing licenses and inspecting and regulating vehicles so as to require compliance with regulations.

**Licenses—City cannot, Under Guise of Regulation, Impose Motor Vehicle License Tax for Revenue Purposes or Prohibit Use of Streets Without License (Laws 1921, p. 729, § 26).**

3. City cannot, under guise of regulating motor vehicles under Laws of 1921, page 729, Section 26, impose a license tax for revenue purposes or prohibit use of its streets by such vehicles except on condition of procuring license for that purpose.

**Licenses—City Ordinance, Prohibiting Operation of Wholesale Trade Vehicles Without Obtaining License for $120 Per Year, Held Void as Levying Tax Thereon for Other Than Regulatory Purposes (Laws 1921, p. 729, § 26).**

4. City ordinance, prohibiting operation of "wholesale trade vehicles" on streets without obtaining license for fee of $120 per year, *held* void as levying a tax on such vehicles, as well as requiring a license for regulatory purposes, in contravention of Laws of 1921, page 729, Section 26; such fee being far beyond amount requisite for regulation.

---

Licenses, 37 C. J., p. 184, n. 49, p. 190, n. 40, p. 191, n. 41.

1. Power of municipal corporation to impose license fees, see note in 2 Ann. Cas. 313. See, also, 17 R. C. L. 526, 533, 536. State statute licensing automobiles as precluding imposition of municipal tax or license fee, see note in **Ann. Cas.** 1914D, 483. See, also, 2 **R. C. L.** 1174.

2. See 17 **R. C. L.** 539.

ORIGINAL HABEAS CORPUS PROCEEDING.

This is an original action of *habeas corpus*. The petitioner, R. C. Fine, was convicted of violating an ordinance of the City of Oregon City, ordained for the purpose of regulating "wholesale trade vehicles." The ordinance defines the term as any conveyance

"operated for the purpose of selling or delivering goods, wares or merchandise to any person in Oregon City engaged in reselling the same, * * *"

and excepts from its operation all such vehicles operated

"for the purpose of selling or delivering any article of food in its raw state or condition, and which was actually grown or produced by the operator thereof or some member of his family."

The ordinance further provides that it shall be unlawful for any person to operate any "wholesale trade vehicle" on any street of said city without first obtaining a license therefor. The license fee is $120 per year, payable quarterly in advance. The ordinance prescribes a penalty not to exceed $50 fine or 30 days in jail.

The petitioner was sentenced to serve a term of five days in jail in default of payment of a fine of $10, and sued out an original writ of *habeas corpus* in this court when he was committed to the custody of the chief of police of said city.

Petitioner contends that the ordinance is unconstitutional and void because it violates a state law licensing automobiles; because the fee charged is too large for regulation merely, and because the ordinance does not bear uniformly upon all persons engaged in the same class of business.

The only question presented by this case is the validity of said ordinance. No question is raised about the right of petitioner to test the validity of the ordinance by this proceeding.    WRIT SUSTAINED.

For petitioner there was a brief over the names of *Mr. Elton Watkins* and *Mr. Johnston Wilson.*

For defendant there was a brief over the name of *Messrs. Schuebel & Beattie.*

COSHOW, J.—1–3. Chapter 371, Section 26, page 729, General Laws, 1921, reads, so far as applicable, as follows:

"The registration and license fees imposed by this act upon motor vehicles, motorcycles, motor bicycles, motor trucks, trailers, semi-trailers and other road vehicles in this act described and upon the owners thereof by reason of such ownership, shall be in lieu of all other taxes and licenses, except municipal license fees under *regulatory ordinances,* to which such vehicles or the owners thereof by reason of such ownership may be subject; * * "

This statute prohibits the City of Oregon City, as well as all other municipalities within the state, from imposing a license upon any motor vehicle except for regulatory purposes: *Parker* v. *City of Silverton,* 109 Or. 298 (220 Pac. 139, 31 A. L. R. 589). A license imposed for regulatory purposes only should not materially exceed the expense of issuing the license, inspecting and regulating the vehicles so as to require their compliance with the regulations imposed by the ordinance. It is probable that such a license fee cannot be exact. It is impossible to anticipate the exact expense which may be necessarily incurred in enforc-

ing such an ordinance. Such expense, however, can be anticipated and estimated approximately. The City of Oregon City cannot, under the guise of regulating motor vehicles, impose a license for revenue purposes or prohibit the use of the streets of that city by such motor vehicles except on condition of procuring a license for that purpose: *Dent* v. *Oregon City,* 106 Or. 122 (211 Pac. 909).

4. In our opinion the license of $120 a year is far beyond an amount requisite for the purpose of regulating the use of the streets by "wholesale trade vehicles" including the expense of issuing the license. The city claims the right to impose such license for revenue purposes since it has the authority to impose a license for regulation. It expresses its position in the following language:

"There can be no doubt but that Oregon City, under its charter, has the authority to license, tax and regulate different classes of business and occupation carried on within the city. Having the authority to license, tax and regulate business and occupations, the council must determine and fix the amount to be paid to carry on the particular business licensed and taxed."

The ordinance does not provide for any additional officers or extraordinary expense. Said ordinance, attempting to levy a tax upon "wholesale trade vehicles" as well as a license for regulating such vehicles, is in contravention of said Chapter 371, Section 26, *supra,* and is therefore void.

It is unnecessary for us to discuss or pass upon the other issues presented by the petition and return thereof, since we hold the ordinance to be void for the reason assigned above.

A judgment will be entered sustaining the writ and discharging the petitioner.          WRIT SUSTAINED.