Motion to dismiss appeal denied September 16, 1930; argued and submitted April 21; affirmed May 12, 1931

UNION $ SERVICE *v.* CITY OF PORTLAND ET AL.

(298 P. 919)

*P. J. Gallagher* and *John F. Conway,* both of Portland, for appellant.

*James West,* of Portland (Frank S. Grant, of Portland, on the brief), for respondents.

CAMPBELL, J. This is a suit for an injunction against the city of Portland and its officers to enjoin them from enforcing a part of ordinance No. 40468 of

the city of Portland. The only part of said ordinance material to the issues in this case, and presented to this court, reads as follows:

"Article XLVII.

"TAXICABS, FOR-HIRE VEHICLES AND SIGHT-SEEING BUSSES.

\*    \*    \*    \*    \*

"Section 3. *License Required.* After the date on which this article becomes effective, it shall be unlawful for any person to operate a taxicab or for-hire vehicle on any street in the city of Portland without first obtaining a license therefor under the provisions of this article.

"Section 4. *Cancelation of License.* Any license issued under this article may be canceled by the Council at any time for any wilful or repeated violation of any of the terms of the traffic ordinance of the city of Portland. When any license shall be so canceled there shall be refunded to the licensee the unearned portion of the license fee paid therefor.

"Section 7. *Application for and Granting of License.* Every person desiring to obtain a license for the operation of a taxicab or for-hire vehicle under this article shall file written application therefor with the Auditor of the city of Portland, setting forth the name of the person to whom the license is to be issued, the number of vehicles proposed to be operated, the name of the maker and the maker's number of each, the seating capacity of each, and the number of the state license of each such vehicle, and should the state license number of such vehicle be changed during the life of such license, such change and number shall be immediately reported to the Commissioner of Public Utilities and shall be attached to said application a certificate issued by the Commissioner of Public Utilities, as herein provided. Whereupon the Auditor shall, upon receipt of the license fee or fees herein provided for each taxicab or for-hire vehicle to be operated under such license, issue a license to such applicant in

accordance with the provisions of this article and the certificate of said Commissioner. Such license shall be for a period of three months, payable in advance January 1st, April 1st, July 1st or October 1st, as the case may be. Licenses may be issued for the unexpired portion of the quarter and the license fee properly proportioned, but no license shall be issued for a license fee less than $5.00.

"Section 10. *Fees.* There shall be paid to the city treasurer of the city of Portland by each person securing a license under this article, a license fee of $15.00 per quarter for each vehicle to be operated under such license having a seating capacity of seven passengers, or less, and for each vehicle to be operated under such license having a seating capacity in excess of seven passengers there shall be paid in addition to such fee of $15.00 per quarter, a fee of 50 cents per quarter for each seat in excess of seven. All license fees shall be payable quarterly in advance and any failure to make such payment in advance shall render such license void. No license shall be issued for a period of less than a full quarter, excepting that when application is made after the payment period of each quarter the applicant will be charged for the remainder of the quarter at a proportional rate, provided, however, that the proportional rate shall be not less than $5.00; provided further, that this section shall not apply to any person engaged in the hotel business or the business of a funeral director and operating automobiles solely in connection with and as a part of his said business.

"Section 13. *Permit.* It shall be unlawful for any person to operate a taxicab or for-hire vehicle or any vehicle rented from another in the city of Portland without first obtaining a permit therefor from some person or board authorized by the city of Portland to examine chauffeurs, and it shall be unlawful for any owner of any taxicab or for-hire vehicle, or vehicle rented from another to cause or permit the same to be operated on any street in the city of Portland by any person who has not obtained a permit as provided in this section. Such person or board shall examine each

applicant for a permit as to his knowledge of the traffic regulations in force in the city of Portland, and as to his ability and judgment in the operating of any automobile, and shall issue permits to drive only to such persons as may be found competent therefor. Any person aggrieved by the decision of the person or board authorized to make such examination may appeal to the council by filing with the city auditor within ten days after such decision, a written notice of appeal, whereupon the auditor shall forthwith place such appeal upon the calendar of the council to be heard in the regular course of business and the decision of the council shall be final.

"Section 33. *Soliciting Fares.* Any driver licensed under this article while seated within his vehicle, may solicit patronage of passerby in a tone of voice no louder than an ordinary conversational tone, but such driver shall not use any mechanical or noise-making device of any kind to solicit patronage, nor shall he take hold of or obstruct the way of any person for the purpose of solicitation. In addition to the driver, not more than one person shall be allowed to solicit for any sight-seeing car or any vehicle subject to the provisions of this article, provided that he shall remain within five feet of the vehicle he is soliciting for, and such additional person shall solicit only in the manner as above provided, after having paid such license fee as may be prescribed by ordinance; provided, that within the restricted district as defined by Section 16, Article XLVIII of this ordinance, no soliciting for any vehicle shall be done upon any street or other public place except by sign or placard attached to the side or front of said vehicle, such sign or placard not to be more than 18 inches by 24 inches in dimensions.

"Section 35. *Council's Right to Further Regulate.* In addition to the provisions of this article, the council of the city of Portland shall have power to provide other rules and regulations for the operating of taxicabs and for-hire vehicles in the city of Portland, and shall have the power to regulate the service rendered by any vehicle under such license."

\* \* \* \* \*

Plaintiff is engaged in operating "anywhere-for-hire" cars as defined by Oregon Code 1930, § 55-1307, class 2. The city officials threatened to arrest its employees for operating such cars within the city unless plaintiff complies with the provisions of the above ordinance. Plaintiff has a Public Service Commission permit, but has no license as required by said ordinance.

The cause was submitted to the trial court on the pleadings, and a verbal stipulation of the facts in open court. The stipulation was not reduced to writing and no record made of it. The plaintiff in his complaint also alleges that an ordinance of said city, No. 52353, is also void. The trial court made no finding thereon, and plaintiff makes no further reference to it, so we must presume that it has abandoned that contention. The trial court entered the following decree:

"The above entitled cause coming on for hearing February 11, 1930, the plaintiff appearing by his attorneys of record herein, and the defendants appearing by James West, deputy city attorney, and the parties through their attorneys having agreed to the facts hereinafter set forth and having agreed that the cause was determinable as a matter of law upon the pleadings and the admitted facts and further agreed that the affirmative matter in the answer should be deemed denied by reply except insofar as the facts are herein stated, whereupon the court took the matter under advisement, and the parties hereto having filed briefs touching certain questions of law arising out of the cause, and the court having considered the same, the court does find that ordinance No. 40468 insofar as it requires a license fee for 'anywhere for-hire' cars operated within the city of Portland is a valid ordinance. It further finds from plaintiff's admission in open court that during the fourth quarter of the year 1929 the plaintiff operated five vehicles as 'anywhere for-hire' cars within the city of Portland, and that the defendant City of Portland is entitled to receive its regulatory license fee of ten dollars per car therefor.

"It further finds from the representation of plaintiff that the Union $ Service is a corporation and over defendants' objection on verbal motion of plaintiff's attorneys and under the representation by plaintiff's counsel that said corporation had assumed the assets and obligations of plaintiff in the operation of said vehicles said corporation was permitted to intervene as a plaintiff herein, and that the Public Service Commission, on or about January 4, 1930, had canceled the permit of F. V. McReynolds for the operation of 'anywhere for-hire' vehicles in the state of Oregon, and that on February 1, 1930, said Union $ Service, a corporation, had been granted a permit by the Public Service Commission of Oregon for the operation of said vehicles previously operated by said plaintiff, F. V. McReynolds, and that the intervening plaintiff, Union $ Service, a corporation, has operated four vehicles within the city of Portland during the first quarter of the year 1930 and that the city of Portland is entitled to receive therefor a fee of ten dollars per car under said regulatory license No. 40468, and that the plaintiff and intervening plaintiff should not be permitted to operate their vehicles within the city of Portland until said license had been requested by said plaintiffs, and the fee therefor tendered to the City of Portland.

"It is therefore ordered, adjudged, and decreed that the temporary injunction heretofore entered herein against the defendants be and the same is hereby dismissed.

"It is further ordered that the plaintiff's complaint herein be dismissed and that the defendant City of Portland be and it is hereby decreed to be entitled to receive of and from the plaintiff F. V. McReynolds and of and from the intervening plaintiff, Union $ Service, a corporation, the sum of $50.00 for the license fee on said five vehicles for the last quarter of the year 1929.

"It is further ordered, adjudged, and decreed that the plaintiff F. V. McReynolds and the intervening plaintiff Union $ Service, a corporation, be and they are hereby enjoined from the operation of their said vehicles for-hire within the city of Portland until they

have applied for a regulatory license as required by the terms of ordinance No. 40468 and have tendered the fee of ten dollars per vehicle for the first quarter of the year 1930, and the defendant City of Portland is hereby given a judgment and decree in the sum of $40.00 against the plaintiff F. V. McReynolds and the intervening plaintiff, Union $ Service, a corporation, to cover the license fees due and unpaid for the first quarter of the year 1930.

"It is further ordered that neither party herein recover its costs or disbursements."

The only questions that can be determined by this court under the issues as framed and presented are: 1. Is ordinance No. 40468 constitutional? 2. Can this court say, as a matter of law, that said ordinance is not a regulatory but a revenue ordinance?

The defendants in their answer allege that the fee required by ordinance No. 40468 is $10 per quarter. The decree of the court finds the same amount. Both counsel for plaintiff and defendants, in their briefs, refer to the ordinance as requiring $10 per quarter. We have no other way of finding out what the correct fee is. The copy of said ordinance, as printed in the record presented, states $15 as the quarterly fee, so that we must assume that $15 is a misprint and that the correct amount is $10.

■ Ordinance No. 40468 of the city of Portland is applicable to all persons operating cars in the same class as plaintiff, and is not arbitrary, confiscatory nor discriminatory and is not unconstitutional: *Fenwick v. Klamath Falls*, 135 Or. 571 (297 P. 838). Plaintiff further contends that said ordinance is in conflict with the general law of the state of Oregon relative to the operation of "anywhere-for-hire" cars. The general law of the state of Oregon places the regulation

of such cars under the jurisdiction of the Public Service Commission, and gives the Public Service Commission general authority to regulate such carriers:

"* * * provided, cities and towns may enact and enforce reasonable regulatory ordinances, including the imposing of regulatory licenses not destructive of the general purpose of this act. * * *": Oregon Code 1930, § 55-1304.

■ It will thus be observed that in addition to the rules and regulations laid down by the Public Service Commission governing the operation of such cars outside as well as within the city limits of incorporated cities and towns there is still left with the cities and towns the right to regulate the operation of such cars within their limits and to charge a fee covering the cost of such regulatory services: *Cummins v. Jones,* 79 Or. 276 (155 P. 171); *Dent v. Oregon City,* 106 Or. 122 (211 P. 909); *Parker v. Silverton,* 109 Or. 298 (220 P. 139, 31 A. L. R. 589); *Fenwick v. Klamath Falls,* supra,

■ It does not manifestly appear that said ordinance No. 40468 is a revenue-raising ordinance, or that it is anything more than a mere regulatory ordinance requiring a fee suficient to cover the cost of such regulation. *Parker v. Silverton,* supra.

The decree of the circuit court will be affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur.