Argued January 23; reversed March 4, 1941

# FREER *v*. CITY OF EUGENE

(111 P. (2d) 85)

Before Kelly, Chief Justice, and Belt, Bailey, and Lusk, Associate Justices.

*H. E. Slattery*, of Eugene, for appellant.

*S. M. Calkins* and *Winsor Calkins*, both of Eugene, for respondent.

BELT, J. Plaintiff, a woman 38 years of age, brings this action to recover damages in the sum of $15,000 for personal injuries which she alleges were caused by falling on a dangerous and defective sidewalk constructed and maintained by the defendant municipality. The gravamen of the complaint is that the city failed to keep the sidewalk in a reasonably safe condition for the use of pedestrians.

The defendant denied the charge of negligence and alleged contributory negligence as an affirmative defense.

The cause was submitted to a jury and a verdict returned in favor of plaintiff in the sum of $200. Plaintiff moved for a new trial on the ground of inadequacy of damages. Upon refusal of the court to grant a new trial, the plaintiff appealed from the judgment. Defendant city cross appeals, asserting that there is no evidence tending to establish liability against it. There is a concrete sidewalk five feet wide on the south side of 10th avenue, between Washington and Jefferson streets, in the city of Eugene. This city walk runs in an easterly and westerly direction. Its inner edge is one foot from the property line. Intersecting such walk at right angles is a private sidewalk running northward from the residence of Mr. Richardson and his wife at 512 Tenth Ave. West. These two walks were originally constructed on the same plane. Subsequently, however, the roots from a tree in the parking strip grew under the city sidewalk, causing the inner edge of a concrete block thereof to be elevated about two inches above the level of the connecting private walk.

At about 11 o'clock at night on May 3, 1940, plaintiff was leaving the home of Mr. and Mrs. Richardson after making a social call. She started toward her husband's automobile parked across the street, walking north along the private sidewalk. In stepping onto the city concrete sidewalk, she struck her toe against its abrupt edge at approximately its highest elevation, thereby causing her to fall and fracture her right hip. It was dark and a drizzly rain was falling. Plaintiff was unfamiliar with the premises as she had never before used such entrance to the Richardson home. The city had ample knowledge of the condition of the walk.

The photograph on following page will aid in visualizing the existing conditions at the place where this accident occurred.

■ That it is the duty of a municipality to maintain its sidewalks in a reasonably safe condition for the use of pedestrians is well settled. The city, however, is not an insurer against injury caused by every trivial defect in a sidewalk and the mere happening of an accident in and of itself does not speak of negligence. These legal principles are so fundamental that citation of authority is not deemed necessary.

The books are replete with cases involving injury to pedestrians while traversing a sidewalk maintained by a municipal corporation and under its control. See exhaustive note in 119 A. L. R. 161.

■ In the instant case, however, we are not concerned with the duty of the city to such pedestrians, for the plaintiff was not injured while so using the sidewalk. Plaintiff's injury occurred while she was leaving private property to go onto a sidewalk in the street. Was it the duty of the defendant city to keep its sidewalk in such repair that a pedestrian could with rea-

sonable safety have access thereto from private property? Was it the duty of the city to provide reasonable means of access from abutting property to walks in the street? These are the vital questions in this case. Actionable negligence must be predicated upon the breach of a legal duty. Of course, if there is no breach of duty on the part of the city in reference to keeping its walks reasonably safe for pedestrians who go onto the same from private property, the judgment can not be sustained. It is observed from the above photograph that any person in the exercise of due care could walk along the sidewalk with reasonable safety. It was reasonably safe for the use of the general public.

There is a surprising dearth of authority applicable to the facts in this case. After diligent search, we have been unable to find any case based upon a similar factual situation holding a municipal corporation liable. Neither do we think any case has been cited which so holds.

■ The defendant municipality had no control or jurisdiction over sidewalks on private property. Its jurisdiction extended over walks in the streets constructed and maintained for the use of the public. It would, indeed, be a tremendous burden upon a city if it were obliged to make its walks conform to the grade of walks constructed by various abutting property owners. We see no difference in principle between this case and one wherein the inequality existed at time of original construction of walks. The city has the authority to establish the grade of its street sidewalks and it is incumbent upon the abutting property owner to provide access to the street walk. In the instant case, slight expense on the part of the property owner would have eliminated any danger to a pedestrian who desired to get onto the street walk.

In *Mulvane v. City of South Topeka*, 45 Kan. 45, 25 P. 217, 23 Am. St. Rep. 706, a frequently cited case, the facts afford more reason for holding the municipal corporation liable than do those in the one under consideration, in that the ground—although not a part of the street—over which Mulvane passed had been used by the public for a number of years, yet the court said:

"It is not the duty of a city to provide means of access from private property to its streets, nor is it liable for a failure to guard its streets from approach at points where such approach is dangerous."

*Griffin v. Chillicothe*, 311 Mo. 648, 279 S. W. 84, 42 A. L. R. 1273, supports the contention of the defendant city of Eugene. The court said:

"A city is ordinarily under no duty to maintain driveways connecting abutting private property with the traveled portion of the street, even though such driveway passes over a portion of the dedicated street which is not opened for public travel."

Continuing, the court thus quoted with approval from *Goodin v. Des Moines*, 55 Iowa 67, 7 N. W. 411:

"The city has full and complete control of the streets, and may excavate or fill up the same at its pleasure, but in doing so, it cannot encroach on private property for the purpose of erecting barriers, or any other purpose; nor is it bound to provide a safe, or any, way by which the streets may be entered from private property. The citizen or traveler must get into the public ways of a city as best he can."

In 25 Am. Jur. 820, Highways, § 534, it is said:

"The public authority is not liable, ordinarily, to persons injured while entering or leaving the highway, by reason of defects or obstructions which would furnish no ground of complaint against it in reference to public travel longitudinally upon the way."

In 13 R. C. L., 420, Highways, § 345, the rule is thus stated:

"A municipal or quasi municipal corporation is not required to provide means of access from private property to its streets and highways, and is not liable to persons injured while entering or leaving the same by reason of defects or obstructions which would furnish no ground of complaint against it in reference to public travel on the highway."

*Ray v. Salt Lake City*, 92 Utah 412, 69 P. (2d) 256, 119 A. L. R. 153, and *Quinn v. Stedman*, 50 R. I. 153, 146 A. 618, 65 A. L. R. 375, cited by plaintiff, are not in point for the reason that in those cases the injury occurred while the pedestrian was traversing the city sidewalk. The duty and obligation of the municipality to maintain the sidewalk in a reasonably safe condition for the use of the public is the controlling principle in such cases.

*De Long v. Oklahoma City*, 47 Okl. 398, 148 P. 701, L. R. A. 1915E, 597, is also relied upon by plaintiff. In that case, De Long was injured by driving into a street from an intersecting roadway which for many years had been used by the public, although such roadway had not been laid out as a street. The street was excavated to a grade several feet below the level of the intersecting roadway. The city was charged with negligence in failure to erect and maintain barriers or signals, warning plaintiff of the existence of the excavation at the place of injury. The appellate court held that the complaint was not vulnerable to demurrer and that a cause of action was stated against the city. No intersecting public way is involved in the case at bar. We think the De Long case does not support the theory that the city must provide means of access from private property into a public street.

*Earl v. City of Cedar Rapids*, 126 Iowa 361, 102 N. W. 140, 106 Am. St. Rep. 361, involved an injury caused by falling into an unguarded trap door which extended into a street. The court held that the mere fact that the plaintiff did not approach the trap door from the street, but from the abutting property, did not exonerate the city from liability where the opening was such as to constitute a menace to all who used the street. It will be recalled that the "rise" in the sidewalk in the instant case was not a menace to the public generally but was a danger only to those who approach it from private property.

It is true that plaintiff was injured in the street, but it was not while traversing the walk of the defendant city. The city never exercised any control over the one-foot strip between the inner edge of the street walk and the property line. The entire private walk was constructed by the abutting property owner.

Having reached the conclusion of non-liability there is, of course, no reason to discuss the interesting question of inadequacy of damages.

It follows that the judgment must be reversed and the action dismissed.