Submitted on briefs January 9, affirmed as to City of Independence, reversed and remanded as to other respondents, March 6, 1957

# POMEROY *v.* CITY OF INDEPENDENCE ET AL

307 P. 2d 760

C. Parker Gies, Independence, for appellant.

Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, and Fred W. Calef, Independence, for respondents.

ROSSMAN, J.

This is an appeal by the plaintiff, Thomas D. Pomeroy, from a judgment of the circuit court entered in favor of the defendant, City of Independence, and the individual defendants, Ray Dunckel, Dean R. Smith, Harry W. Day, George Lindahl, James H. Hart, Harold Pennington, and Prushia Groth, who compose the city's common council. The judgment was entered after plaintiff had presented his evidence and the court had sustained the defendants' motions for nonsuit. The complaint alleged that plaintiff sustained injuries as a

result of a fall caused by a broken and defective sidewalk.

Chapter X, § 41, of the 1940 charter of the City of Independence reads as follows:

"Section 41. DAMAGE SUITS. The city shall in no event be liable in damages for any injury to person or property caused by a defect or dangerous place in a sidewalk, street, alley, sewer, public ground, public building, drain, gutter, ditch, or way, unless the city has written notice of the defect or dangerous place prior to the injury, and a reasonable time after the notice in which to remove or repair the defect or dangerous place. In no case shall more than $100.00 be recovered as damages from the city for such accident or injury.

"No action shall be maintained against the city for injuries growing out of such an accident unless the claimant within thirty days after sustaining the injury gives the council written notice stating:

(1) When, where, and under what circumstances the accident occurred or the injury was sustained.

(2) His claim for compensation for the injury, and

(3) The amount of compensation or relief demanded. The city shall not be liable for the injury until thirty days shall have elapsed after presentation of the notice to the council."

■■ A city which is required to maintain its sidewalks in good condition is liable to one who sustains injury through its dereliction, unless exempted from liability. *Blue v. City of Union,* 159 Or 5, 75 P2d 977. The validity of provisions immunizing cities from suit was considered at length in *Noonan v. City of Portland,* 161 Or 213, 88 P 2d 808, decided in 1938, and their validity was upheld. Plaintiff submits that the Noonan decision should be overruled because "the reason for the rule exempting municipalities from liability no

longer exists." The passage of nineteen years merely serves to reaffirm the position taken in the Noonan case, and expressed in the following language:

> "* * * Even the writers who have most bitterly assailed the doctrine of nonsuability declare that it has become so firmly entrenched in our jurisprudence through statutes, charter provisions, and the decisions of the courts that its opponents must resort to the legislature rather than to the courts. See 22 Virginia Law Rev. 910. Certainly, in Oregon, where this court has repeatedly sustained charter exemption clauses, and where no conflict exists between them and the Constitution, we have no power to disregard the exemptions."

Law Review articles written in the interim continue to advocate comprehensive legislative investigation of the field of municipal tort liability. See 54 Harvard Law Rev. 437, 48 Michigan Law Rev. 41, 23 New York University Law Quarterly Rev. 278, and 9 Law and Contemporary Problems 367.

We adhere to the rule of *Noonan v. City of Portland,* supra, and the judgment of nonsuit in favor of defendant City of Independence is affirmed.

Plaintiff's two assignments of error with respect to the judgment entered in favor of the individual defendants are directed to the granting of the defendants' motions for involuntary nonsuits and the denial of plaintiff's motion for a new trial. The circuit court believed that city officers should not be held liable "for mere negligent omissions of duty" and that, in any event, plaintiff's evidence failed to establish that the defective sidewalk had caused his fall.

■ *Pullen v. City of Eugene,* 77 Or 320, 146 P 822, 147 P 768, 147 P 1191, 151 P 474, is authority for the proposition that city officials may be held personally liable for an injury resulting from defective sidewalks

if their negligence was the cause of injury. The decision says:

"* * * an action may be maintained against the officers of the municipality whose duty it was to cause the street to be repaired, and to see that the highway was kept in suitable condition for public travel."

See, also, *Platt v. City of Newberg,* 104 Or 148, 205 P 296.

■ Defendants contend that plaintiff failed to establish the duty of the city, through its council, to repair sidewalks and streets, there being no language in the charter specifically establishing such a duty. This contention must fail. This court said in *Knight v. City of La Grande,* 127 Or 76, 271 P 41:

"* * * In the absence of some legislative enactment, or charter provision, the city owes a duty to exercise reasonable care in maintaining the streets in a condition reasonably safe for public travel: * * *"

and again in *Freer v. City of Eugene,* 166 Or 107, 111 P2d 85:

"That it is the duty of a municipality to maintain its sidewalks in a reasonably safe condition for the use of pedestrians is well settled."

■ In addition, we think it clear that the duty to protect the public from defects in public thoroughfares is expressly recognized in the immunity clause of the charter hereinbefore set forth. By it the city concedes that it has such a duty by allowing suit against it up to the amount of $100 upon the fulfillment of prescribed conditions. And the very fact that it was deemed necessary to so immunize itself at all is recognition of its amenability to suit in the absence of such an enactment.

*Parker v. City of Silverton,* 109 Or 298, 220 P 139, does not lead to a different conclusion. That was a suit brought by a common carrier to enjoin the defendant city from enforcing an ordinance which attempted to regulate the activities of common carriers serving the city and other points. Judgment for the plaintiff was affirmed. It was held that the power to regulate intercity carriers had been conferred exclusively upon the state Public Service Commission. At no point did the court consider the duty of the city to repair the streets within its limits.

■ Defendant's also contend that it was plaintiff's burden to plead and prove that the council had available the necessary funds to make the sidewalk repairs. Lack of funds is a matter of defense. *Bloomquist v. City of La Grande,* 120 Or 19, 251 P 252. The pleadings in that case followed that rule. The court also said:

"In brief, the rule on this subject seems to be that if the city cannot command the funds for the present remedy of defects in its streets it must at least temporarily go out of the street business and close its doors, so to speak. It cannot rightfully continue in business as a bankrupt to the hurt of the people who are invited to travel on its public ways and, at the same time, evade responsibility for the harmful results of its neglect."

One of the cases cited by defendants, *Humphry v. City of Portland,* 79 Or 430, 154 P 897, explicitly recognizes, through quotation from Shearman and Redfield on Negligence, that lack of funds is a matter of defense, as follows:

"The want of funds, and of power to raise money to enforce contributions of labor, or to assess the expense of repair upon abutters, is a good defense

to a charge of negligence for nonrepair, provided it is shown that all the funds applicable to such use, and all means of raising more, have been exhausted. But want of funds is not available as a defense to a charge of negligence in not erecting barriers on a dangerous street, or not closing the street altogether, when necessary."

Statements to the contrary in the earlier case of *Batdorff v. Oregon City,* 53 Or 402, 100 P 937, were not directed to the sufficiency or insufficiency of the pleadings.

Before continuing to the defendants' final argument, we mention that the harshness of exposing council members to liability in cases of this sort has not gone unnoticed. On the other hand, it would be a far greater imposition, and a constitutional impossibility, to leave the injured party without a remedy. *Mattson v. Astoria,* 39 Or 577, 65 P 1066. If the community is desirous of relieving the council members from future jeopardy it would be a simple matter to revoke the municipality's immunity and reimpose liability upon the community as a whole. The rules which define the duty of council members and govern their liability are set forth in *Colby v. City of Portland,* 85 Or 359, 166 P 537.

■ Matters of liability aside, the defendants finally claim that the evidence failed to establish that plaintiff's fall was caused by his stepping into the hole in the sidewalk. On re-direct examination, plaintiff testified as follows:

"Q Though you might not have any memory at this time, say the next morning or about the time of the accident, did you know you stepped in the hole?

"A Well, I knew at the time, as soon as my ankle broke, I knew I had stepped in a hole.

"Q You knew it that night?
"A I turned right around and looked at it when I was trying to get up."

Despite the fact that plaintiff did not remember stepping into the hole or stubbing his toe, the above testimony is sufficient to submit the issue of causation to the jury. Dean Prosser, Handbook of the Law of Torts, 2d Ed., p 223, says:

"Circumstantial evidence or common knowledge may provide a basis from which the causal sequence may be inferred."

The wisdom of this rule has been recognized by this court on many occasions. *Schweiger v. Solbeck,* 191 Or 454, 230 P2d 195; *Cowgill v. Boock,* 189 Or 282, 218 P2d 445; *Clemens v. Smith,* 170 Or 400, 134 P2d 424.

The sufficiency of the complaint is not in issue except so far as it bears upon the challenged duty to allege the availability of funds for sidewalk repair, which issue we decided against the defendants. The evidence introduced by the plaintiff sufficed to submit the cause to the jury.

Mindful of the fact that this case must be retried and defendants given an opportunity to submit countering evidence, we have refrained, where possible, from commenting upon the facts of the case.

The judgment in favor of defendant City of Independence is affirmed; that in favor of the individual defendants is reversed and the case remanded for a new trial.